238 So.2d 91 (1970)
Sam JONES in Proper Person, Petitioner,
v.
Hans G. TANZLER, Jr., As Mayor, Etc., et al., Respondents.
No. 39731.
Supreme Court of Florida.
July 17, 1970.
Sam Jones, in pro. per., petitioner.
James C. Rinaman, Jr., Gen. Counsel and David U. Tumin, Asst. Counsel, Jacksonville, for Hans G. Tanzler, Jr., as Mayor, and another.
William T. Basford, Jr., Jacksonville, for Walter Williams, Jr.
PER CURIAM.
Writ of certiorari having heretofore issued, argument having been heard, and the court having examined the record and briefs, it appears that the writ was improvidently issued. Accordingly, the writ of certiorari heretofore issued in this cause is discharged.
It is so ordered.
ERVIN, C.J., and DREW, THORNAL and CARLTON, JJ. concur.
ROBERTS, J., concurs specially with opinion.
ADKINS, J., concurs specially with opinion.
ROBERTS, Judge (concurring specially).
I concur in the foregoing order discharging the writ of certiorari as having been improvidently issued. However, by way of caveat, I feel constrained to note that it was conceded by counsel at the bar of the court that the assessment complained of is involved in a bond validation proceeding anchored to the sewer charge, which is now pending in the Circuit Court of Duval County. In my opinion, the proper forum for the adjudication of the question raised here would be in the validation case and not by collateral attack as was attempted in the matter now under review.
ERVIN, C.J., concurs.
ADKINS, Justice (concurring specially):
By petition for writ of certiorari, we are asked to review a decision of the District Court of Appeal, First District (Jones v. Tanzler, 234 So.2d 372) on the ground that it is in direct conflict on the same point of law with a decision of this Court (Board of Public Instruction of Broward County v. Doran, 224 So.2d 693).
This case involves the applicability of Fla. Stat. § 286.011, F.S.A., the "Government in the Sunshine Law." Petitioner was the plaintiff in the lower court and respondents were the defendants.
Plaintiff alleged that the Mayor and certain members of the City Council, including the President of the Council, Chairman of the Finance Committee of the Council, three members of the Finance Committee, and another Councilman who was not a member of the Finance Committee, met in the nighttime of the 1968 Thanksgiving week on property "owned by a member of Jacksonville's City Power Structure, at Deerwood, otherwise known as Skinner's Pasture." It was further alleged that the public was "barred from hearing or participating in said meeting," and that the officials did "discuss, deliberate, frame, devise, and formally act upon" certain Jacksonville Consolidated Government Ordinances, agreeing to vote favorably upon these ordinances "in the final phase of Council enactment of said ordinances." It is further alleged, "without their secretly agreeing upon votes, said ordinances would have failed of passage."
*92 The allegations adequately show that the matters discussed by the officials were matters on which "foreseeable action" would be taken by the Council as a whole. It is also alleged that the officials did not make or record minutes for public inspection of the meeting in question.
Fla. Stat. § 286.011, F.S.A., reads as follows:
"(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting.
"(2) The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded and such records shall be open to public inspection. The circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizens of this state.
"(3) Any person who is a member of a board or commission or of any state agency or authority of any county, municipal corporation or any political subdivision who violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof is guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred dollars ($500.00), or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment."
The trial court in granting a motion to dismiss found that the meeting or gathering of these individuals was not contrary to Fla. Stat. § 286.011, F.S.A. Leave to further amend was not granted and, on appeal, the order or judgment of the trial court was affirmed. The defendants have misconceived the purpose and intent of Fla. Stat. § 286.011, F.S.A. In discussing this matter, we said in Board of Public Instruction of Broward County v. Doran, supra:
"The obvious intent was to cover any gathering of the members where the members deal with some matter on which foreseeable action will be taken by the board.
"* * *
"The right of the public to be present and to be heard during all phases of enactments by boards and commissions is a source of strength in our country. During past years tendencies toward secrecy in public affairs have been the subject of extensive criticism. Terms such as managed news, secret meetings, closed records, executive sessions, and study sessions have become synonymous with `hanky panky' in the minds of public-spirited citizens. One purpose of the Sunshine Law was to maintain the faith of the public in govermental agencies. Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made.
"Statutes enacted for the public benefit should be interpreted most favorably to the public." (Emphasis supplied) (pp. 698-699)
Defendants contend that no official action as contemplated by the law could be taken until a quorum of the Council acted and an informal gathering of a small group of the Council wherein no official action could be taken does not come within the meaning of a gathering of members of a board or commission. The statute does *93 not make reference to the existence of a quorum. All meetings of any agency or authority of a municipal corporation are declared to be public meetings open to the public at all times. The important question is not whether a quorum was present, but whether the members deal with any matter on which foreseeable action may be taken.
There is no law which prevents members of a board of commission from attending a social gathering at the same time, but the statute should not be circumvented by this Court in placing the stamp of approval on small individual gatherings wherein public officials, regardless of good intentions, may reach decisions in private on matters which may foreseeably affect the public. It is elementary that the officials cannot do indirectly what they are prevented from doing directly.
Defendants also contend that this was a gathering which the Mayor had in the exercise of his executive capacity with a group of councilmen who could only recommend action at that point to the Council as a whole. Defendant contends that as Chief Executive, the Mayor had the right to meet at any time with key members of the Council.
The allegations are to the effect that the members of the Council as well as the Finance Committee met for the purpose of taking action on matters which would be presented to the Council in the foreseeable immediate future. From the allegations, it appears that the recommendation of the Finance Committee was one phase of the subsequent enactment of the ordinances by the Council. The right of the public to be present and to be heard should not be circumvented by having secret meetings of various committees composed of members of the Council and vested with authority to make recommendations to the Council.
We are not concerned with legislative wisdom and those who complain should voice their protest in the legislative hall. To read exceptions in the statute would be legislation and not interpretation.
Defendants next contend that the action of these officials in secret meetings could in no way invalidate the ultimate action taken by the 19-member City Council in the enactment of ordinances in accordance with all of the requirements of the City charter and passed in the ordinary legislative process.
Following this reasoning, any Council could divide itself into groups of small committees and each councilman would have an opportunity to commit himself on some matter on which foreseeable action will be taken by expressing himself at a secret committee meeting in the absence of the public and without giving the public an opportunity to be heard. The ultimate action of the entire Council in public meeting would merely be an affirmation of the various secret committee meetings held in violation of the Government in the Sunshine Law.
The Legislature has given the circuit courts of this State "jurisdiction to issue injunctions to enforce the purposes" of this law upon application by any citizen of this State. Fla. Stat. § 286.011(2), F.S.A. This jurisdiction is broad enough to enforce the law by enjoining any action of the City Council taken as a result of discussions at secret meetings. Every ordinance enacted by a municipal corporation must be in conformity in all respects with the constitution, statutes, public policy and common law of the State, as well as the municipality's charter. See McQuillin, Municipal Corporation, Vol. 5, Sec. 16.08. Municipalities are legal entities for local governmental purposes and they can exercise only such authority as is conferred by expressed or implied provisions of law. Malone v. City of Quincy, 66 Fla. 52, 62 So. 922, Ann.Cas. 1916D, 208 (1913).
The allegations are sufficient to show a violation of Florida Statutes and a contravention *94 of public policy as expressed by the Legislature in the Government in the Sunshine Law. This case is before us solely on the allegations of the plaintiff, not upon summary judgment nor upon final hearing.
If the validation proceedings were not pending, I would quash the opinion of the District Court of Appeal and direct that the cause be remanded to the trial court for further proceedings. The questions raised in the case sub judice are properly presented in the pending validation proceedings instead of by separate suit. For that reason alone, I concur in the discharge of the writ of certiorari.
ERVIN, C.J., concurs.