344 So.2d 611 (1977)
Herbert WOLFSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 76-696.
District Court of Appeal of Florida, Second District.
April 6, 1977.
Rehearing Denied May 5, 1977.
*612 Rick B. Levinson and Arnold Levine, Levine, Freedman & Hirsch, P.A., Tampa, for petitioner.
Glen Darty, State Atty., and James G. Horrell, Asst. State Atty., Bartow, for respondent.
McNULTY, Judge.
Herbert Wolfson seeks certiorari to review an order of the Circuit Court for Polk County, acting in its appellate capacity, which reversed an order of the county court dismissing an indictment charging petitioner with a criminal violation of the Government in the Sunshine Law.[1] We deny the petition.
The statute[2] under which Wolfson was charged provides as follows:
"Public meetings and records; public inspection; penalties. 
(1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation or formal action shall be considered binding except as taken or made at such meeting.
* * * * * *
(3) Any person who is a member of a board or commission or of any state agency or authority of any county, municipal corporation or any political subdivision who violates the provisions of this section by attending a meeting not held in accordance with the provisions hereof is guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
The indictment alleged that Wolfson "while serving as an elected City Commissioner of the City Commission of Lake Wales, Florida, a municipal corporation, did meet with other City Commissioners and/or City Officials and/or Staff of the City Commission of the City of Lake Wales, Florida, and where he did so meet *613 said meeting was not open to the public at all times and at said meeting matters pertaining to City Commission business, to-wit: Employment of the City Attorney, was [sic] discussed in willful and knowing violation of Section 286.011, Florida Statutes."
Wolfson contends that the indictment is insufficient on its face in that it failed to allege all of the necessary elements of the crime charged as set out in the statute. We disagree.
At the outset, we recognize that the prior decisions of the appellate courts of this state have construed the Florida Government in the Sunshine Law in the context of civil proceedings, i.e., in either injunction suits brought to put a halt to secret meetings of a governmental agency or in suits brought to invalidate governmental actions or resolutions taken at a nonpublic meeting. The instant case obviously presents the statute for judicial construction in the context of a criminal prosecution.
Wolfson, of course, contends that criminal statutes must be strictly construed, citing State v. Buchanan;[3] and with this general principle of law we have no quarrel. Constitutional guarantees of due process and equal protection of law entitle an accused to no less.[4] On the other hand, it has been said that:[5]
"The construction of a penal statute should not be unduly technical, arbitrary, severe, artificial or narrow ... The words used need not be given their narrowest meaning, in complete disregard of the purpose or intent of the legislature ... In short, although criminal statutes are to be strictly construed in favor of the defendant, the courts are not authorized so to interpret them as to emasculate the statutes."
Moreover, on the point, our supreme court declared in construing this very statute:[6]
"We are persuaded to apply the rule that a statute enacted for the public benefit should be construed liberally in favor of the public even though it contains a penal provision. In this posture a reasonable construction should be applied giving full measure to every effort to effectuate the legislative intent."
Similarly, in other states Sunshine Laws or public meeting laws not unlike ours have also been liberally construed for the benefit of the public.[7]
Keeping these principles in mind, therefore, we turn now to the specific challenges made by Wolfson to the indictment herein. He argues first that, although the indictment does charge that "while serving as an elected City Commissioner of the City Commission of Lake Wales" he did meet with other city commissioners at a meeting not open to the public at all times, the indictment does not allege that he attended said nonpublic meeting as a member of the City Commission of the City of Lake Wales. This contention is sophistically semantic in nature and without merit. Reading the indictment in its entirety and giving its terms a fair and reasonable construction, Wolfson clearly is alleged to have secretly met, as a member of the City Commission, with other members of the Commission.
He next contends that the indictment is fatally defective in that it fails to state with sufficient specificity that the secret "meeting" he allegedly attended was a meeting at which "official acts" were to be taken. We disagree again.
Numerous prior cases, beginning with this court's decision in Times Publishing *614 Co. v. Williams,[8] have held that the intent of the Government in the Sunshine Law is to cover any gathering of some or all of the members of a public board at which such members discuss any matters on which foreseeable action may be taken by the board; and it is the entire decision-making process that the legislature intended to affect by the enactment of the statute. "Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act."[9] The supreme court has adopted and applied this rule in numerous cases.[10] For instance, as it said in Town of Palm Beach v. Gradison:[11]
"One purpose of the government in the sunshine law was to prevent at nonpublic meetings the crystallization of secret decisions as to a point just short of ceremonial acceptance ... The statute should be construed so as to frustrate all evasive devices. This can be accomplished only be embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable action will be taken."
And although such definition of "official act" was thus employed in a civil context, we can think of no reasoning process which would compel the conclusion that it necessarily assumes a fatal vagueness when considered in a criminal context.
We are of the opinion, therefore, that the terms of the indictment, viz., "... and at said meeting matters pertaining to City Commission business, to-wit: Employment of the City Attorney, was [sic] discussed ..." were sufficient under the law to describe an "official act" which, under the "Sunshine Law," cannot be done secretly.
In view whereof, the circuit court was correct in reversing the order of the county court which dismissed the indictment herein. Accordingly, certiorari should be, and it is hereby, denied.
Certiorari denied.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] Section 286.011, Fla. Stat. (1975).
[2] Id.
[3] 191 So.2d 33 (Fla. 1966).
[4] See also Sec. 775.021(1), Fla. Stat. (1975).
[5] 73 Am.Jur.2d, Statutes, § 296 at pp. 454-455.
[6] City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). See also Board of Public Instruction v. Doran, 224 So.2d 693 (Fla. 1969).
[7] See, e.g., Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968); Bagby v. School District No. 1, 186 Colo. 428, 528 P.2d 1299 (1974); 38 A.L.R.3d 1070, "Validity, Construction, and Application of Statutes Making Public Proceedings Open to the Public."
[8] 222 So.2d 470 (Fla.2d DCA 1969).
[9] Id. at p. 473.
[10] See Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Jones v. Tanzler, 238 So.2d 91 (Fla. 1970); Board of Public Instruction v. Doran, 224 So.2d 693 (Fla. 1969).
[11] 296 So.2d 473, 477 (Fla. 1974).