Frank C. Chavers Executive Director Housing Authority of the City of Cocoa Cocoa
QUESTIONS:
1. Does the Government in the Sunshine Law permit the board of commissioners of a municipal housing authority to exclude the executive director and other members of the authority's staff from the public meetings of the board when the board is discussing personnel matters?
2. If the answer to question 1 is in the negative, is such an exclusion permissible if members of the news media are present at the meeting?
3. If the first two questions are answered in the negative, is such an exclusion permissible if no other members of the public have chosen to attend the meeting of the board?
SUMMARY:
The Government in the Sunshine Law prohibits the governing body of a municipal housing authority from excluding the executive director and other members of the authority's staff from a public meeting in which the board discusses personnel matters, regardless of whether members of the news media are in attendance or whether any other members of the public are present.
Since your questions are interrelated, they will be answered together.
The Government in the Sunshine Law, s. 286.011, F. S. (1978 Supp.), provides, in pertinent part:
 (1) All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times . . . . (Emphasis supplied.)
The governing body of a municipal housing authority operating under Ch. 421, F. S., is a public agency within the purview of the Sunshine Law; therefore, the meetings of that body must be `open to the public.' Attorney General Opinion 076-102. Webster's ThirdInternational Dictionary, at page 1836, defines `public' to mean `the people as a whole.' Clearly, the staff of a municipal housing authority are members of the public as well as employees of the authority; hence, such persons may not be excluded from the meetings of the board of commissioners of the authority unless the meetings themselves are exempted by law from the requirements of s. 286.011, supra. The presence of newspaper reporters or other representatives of the media at a meeting of a public body does not foreclose the right of other members of the public to attend such public meetings. Cf. Informal Opinion to Mr. Johnie A. McLeod, November 2, 1976, in which this office concluded that the fact that a city councilman is owner and publisher of the local newspaper does not serve to exempt such councilman from the scope of s. 286.011. The fact that no other members of the public are present at the meeting likewise does not authorize any circumvention of the requirements of s. 286.011. The phrase `open to the public' means open to all persons who choose to attend. See
s. 286.011(2), which provides that `[t]he circuit courts of this state shall have jurisdiction to issue injunctions to enforce the purposes of this section upon application by any citizen of this state' (Emphasis supplied.); and s. 286.011(6), stating that all persons subject to subsection (1) of the statute are prohibited from holding meetings at any facility or location which, interalia, operates in such a manner as to unreasonably restrict public access to such a facility.
Moreover, it might be noted that no law permits a public body to discuss personnel matters in secret (except collective bargaining sessions to the extent provided in s. 447.605[1], F. S.). Further, the courts have declined to imply an exception to the Sunshine Law for meetings relating to personnel matters. As stated by the Second District Court of Appeal in Times Publishing Co. v. Williams, 222 So.2d 470, 474 (2 D.C.A. Fla., 1969):
 `[P]ersonnel Matters' are not sacred nor legally privilged, nor do they enjoy any insulation from legislative control. Here we are aided by the history of the act's passage, and conclude that the legislature specifically intended to include `personnel matters' within the `open meetings' mandate of the act. (Emphasis supplied by the court.)
See also Wolfson v. State, 344 So.2d 611, 614 (2 D.C.A. Fla., 1977), in which the court held that an indictment charging the defendant with a criminal violation of the Sunshine Law was sufficient when it alleged that the defendant `while serving as an elected City Commissioner of the City Commission of Lake Wales' met with other city commissioners at a secret meeting and that `at said meeting matters pertaining to City Commission business, to-wit: Employment of the City Attorney, was [sic] discussed . . . .' As a caveat, however, it should be noted that the Sunshine Law does not preclude the reasonable application of ordinary personnel policies, for example, the requirement to use annual leave to attend meetings, provided that such policies do not frustrate or subvert the purposes of the Sunshine Law.
Accordingly, your questions are answered in the negative.
Prepared by:
Patricia R. Gleason Assistant Attorney General