Mr. R. Carson Dyal Chairman, Unemployment Appeals Commission
QUESTION:
Are the determinations and decisions or orders of the Unemployment Appeals Commission subject to the confidentiality requirement of s. 443.12(7), F.S., and therefore, exempt from the disclosure provisions of s. 119.07, F.S.?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, the determinations and decisions or orders of the Unemployment Compensation Commission are public records subject to public inspection as provided in s. 119.07(1), F.S., and are not exempt from disclosure by the confidentiality requirement of s.443.171(7), F.S. (1980 Supp.).
Your inquiry states that the Unemployment Appeals Commission has received a request for copies of all decisions of the commission and unemployment compensation appeals referees involving a named employer. You further state that the Unemployment Appeals Commission and the Division of Employment Security have traditionally considered s. 443.12(7), F.S. (now s. 443.171(7), F.S. (1980 Supp.)), a prohibition against disclosing the names of the employers and employees appearing before the commission and that by complying with the request the commission would be identifying the name of the employer in each decision. You therefore request my opinion as to whether s. 443.12(7), F.S. (now s. 443.171(7), F.S. (1980 Supp.)), operates as an exception within the meaning of s. 119.07(3)(a), F.S., as amended, so as to prohibit the commission from granting a request to make available all decisions involving a named employer or employee when the person making the request is not the named employer or employee.
Florida's Public Records Law, ch. 119, F.S., requires that all public records made or received pursuant to law or ordinance or in connection with the transaction of official business by any public agency or any other public or private agency or person or entity acting on behalf of any public agency must be open for personal inspection by any person. See ss. 119.01, 119.011(1), (2) and119.07(1), F.S. `Public Records' are defined by s. 119.011(1), F.S., to mean:
 [A]ll documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Florida Supreme Court in Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), recently held that, for purposes of s. 119.011(1), a public record is `any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type.' It is therefore clear that the determinations and decisions or orders of the commission and unemployment compensation appeals referees would be deemed public records within the meaning of Florida's Public Records Law.
`Agency' is defined as `any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.' Section 119.011(2), F.S. It is therefore clear that the Unemployment Appeals Commission is a public agency within the definition of `agency' in s. 119.011(2), F.S., and the purview of ch. 119, F.S.
Subsection (1)(a) of s. 119.07, F.S., clearly mandates that `[e]very person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee;' and that the custodian of the records `shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies.' Subsection (3)(a) of s.119.07, F.S., provides an exemption from the inspection requirements of that section for `[a]ll public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law . . . .' Paragraphs (b) through (k) of s. 119.07(3), F.S., provide further specific exemptions from the inspection requirements of the Public Records Law. None of these exemptions are applicable to the decisions and determinations or the orders of the Unemployment Appeals Commission nor have any other specific exemptions been brought to my attention or been revealed by my research which are applicable. In order for a public record to be exempt from the inspection requirements of s. 119.07(1), F.S., there must be some specifically provided exemption or the record in question must be made confidential or its inspection prohibited by some provision of general or special law. In Wait v. Florida Power and Light Company, 372 So.2d 420, 425 (Fla. 1979), the Florida Supreme Court further determined that the language now contained in s. 119.07(3)(a) and (b), F.S., `excludes any judicially created privilege of confidentiality and exempts from public disclosure only those public records that are provided by statutory law to be confidential or which are expressly exempted by general or special law.' In the absence of a statutory exemption or provision making the decisions and determinations or orders of the commission confidential or prohibiting their inspection by the public, such decisions and determinations would be subject to the inspection requirements of s. 119.07, F.S. Having determined that the Unemployment Appeals Commission is a public agency and that the determinations and decisions or orders of the Unemployment Appeals Commission and appeals referees are public records, it must next be determined whether these public records are exempt from the disclosure requirements of s.119.07(1), F.S., by virtue of having been `provided by statutory law to be confidential' or `expressly exempted by general or special law.' The answer to this question will turn on an interpretation of the scope of, and intent behind, the following language in s. 443.171(7), F.S. (1980 Supp.):
 (7) RECORDS AND REPORTS — Each employing unit shall keep true and accurate work records, containing such information as the division may prescribe. Such records shall be open to inspection and be subject to being copied by the division at any reasonable time and as often as may be necessary. The division or an appeals referee may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, deemed necessary for the effective administration of this chapter. Information thus obtained, or obtained from any individual pursuant to the administration of this chapter, shall, except to the extent necessary for the proper presentation of a claim or upon written authorization of the claimant who has a workers' compensation claim pending, be held confidential and shall not be published or be open to public inspection (other than to public employees in the performance of their public duties) in any manner revealing the individual's or employing unit's identity, . . . . (Emphasis supplied.)
From my scrutiny of the quoted language of s. 443.171(7), F.S. (1980 Supp.), I find no clear indication that the Legislature intended to exempt `decisions' and `determinations' or orders of the Unemployment Appeals Commission from disclosure pursuant to the declared policy of the state, s. 119.01, or s. 119.07(1). In fact, s. 443.171(7), F.S. (1980 Supp.), does not even mention `decisions' and `determinations' or orders but refers only to `records' of and `reports' from the employing units or employers. The first sentence of subsection (7) refers to `work records.' The term `work records' refers to work records kept and maintained by the employers. The form and contents of these records are defined by Rule 38B-2.05 of the Rules of the Department of Labor and Employment Security, Unemployment Appeals Commission. According to the Rule, each employing unit shall keep records regarding each worker containing information such as name, social security number, place of employment, number of hours worked for each pay period if working on an hourly basis, beginning and ending dates for each pay period, wages payable to him for each pay period, wages paid to him for each pay period and date of payment, time lost each week due to incapacity for work, date hired, rehired, or returned to work after temporary separation from work, the date of separation, special payments of any kind, including annual bonuses, gifts, prizes, etc. Looking further in the language of s.443.171(7), F.S., the word `reports' refers to reports prepared by the employing unit or employer with respect to a person employed by it as might be required by the division or an appeals referee, and it is `information thus obtained' from the employer that is, with the exceptions specified, made confidential by subsection (7) of s. 443.171. I find nothing on the face of the provisions of s.443.171(7), F.S., which would sustain an interpretation or conclusion that `determinations' and `decisions' or orders of the Unemployment Appeals Commission are the same as the `work records' or `reports' or `information' kept by and obtained from the `employing unit' by the Division of Employment Security of the Department of Labor and Employment Security or the appeals referee. Even that information, `to the extent necessary for the proper presentation of a claim,' is not made confidential by the language of s. 443.171(7), F.S.
Section 443.151, F.S. (1980 Supp.), outlines the procedure concerning claims filed with the Division of Employment Security of the Department of Labor and Employment Security. Subsection (3)(a) refers to initial determinations made by an examiner of the Division; subsection (3)(b) refers to determinations in labor dispute cases; subsection (3)(c) refers to redeterminations; and subsection (4) refers to appeals before the appeals referees of the Division. Section 43.151(4)(c) outlines the procedure whereby the commission may initiate a review of the decision of an appealsreferee or determination of a special examiner. Section443.151(4)(e) provides for judicial review in the district court of appeal in the appellate district in which the issues involved were decided by an appeals referee. None of the above sections or subsections or any other section or subsection of the Unemployment Compensation Law, ch. 443, F.S., imposes a confidentiality requirement regarding the determinations and decisions or orders of examiners of the division or the appeals referees or the commission and this office is without the requisite authority to find by implication or declare any such requirement.
Moreover, the Public Records Law and its companion, the Government in the Sunshine Law, s. 286.011, F.S., mandate a policy of open government for this state. It has been held that these statutes have been `enacted for the public benefit' and as such `should be construed liberally in favor of the public. . . .' Wolfson v. State, 344 So.2d 611 (2 D.C.A. Fla., 1977); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). I am therefore persuaded that when there is any doubt as to whether a particular public record such as the determinations and decisions or orders of the Unemployment Appeals Commission here in question fall within the disclosure requirements of s. 119.07(1), F.S., such doubt should be resolved in favor of the public and the record should be open for inspection by the public. See AGO's 079-75 and 080-57.
Prepared by: Linda Lettera, Assistant Attorney General