Mr. Robert E. McGill, III Attorney At Law 1234 Airport Road Suite 123 Destin, Florida 32541
Dear Mr. McGill:
As City Attorney for the City of Destin, you have asked for my opinion on substantially the following questions:
1. Does section 286.011(8), Florida Statutes, authorize the attendance of consultants at a closed meeting between the City of Destin governing board and the city attorney to discuss litigation strategy?
2. Does section 286.011(8), Florida Statutes, authorize the city attorney for the City of Destin to stop a closed meeting to discuss pending litigation and leave the room to conduct consultations outside the presence of the city commission and then reconvene the meeting?
3. Does section 166.045, Florida Statutes, authorize a designee of the City Council or a hospital advisory board to enter into a confidentiality agreement that would apply to negotiations to determine the possible terms and price of a potential sale, meetings between the designee and a consultant and negotiations resulting in an offer to purchase a hospital when, subsequent to such private negotiations, the purchase is subject to approval of the advisory board and the City Council?
4. Can a designee of a hospital advisory board appointed by the City of Destin or a designee of the city conduct a private fact-finding assignment relating to the purchase of a hospital facility without violating the requirements of the Government in the Sunshine Law?
In sum:
1. Section 286.011(8), Florida Statutes, does not authorize the attendance of any persons other than the members of the city council for the City of Destin, the chief administrative or executive officer of the city, the city attorney, and a court reporter at a closed meeting to discuss litigation to which the city is a party.
2. Section 286.011(8), Florida Statutes, does not authorize the temporary adjournment and reconvening of meetings in order for members who are attending such a session to leave the room and consult with others outside the meeting.
3. Section 166.045, Florida Statutes, exempts every written appraisal, offer, and counteroffer relating to the purchase of real property by a municipality from public disclosure under the Public Records Law. This statute does not authorize a city or its designee to conduct negotiations for such property outside the Sunshine Law or to keep records other than those specifically designated in the statute from public disclosure.
4. It is not a violation of the Government in the Sunshine Law for a person who is designated by the city council or by an advisory board to meet with private parties if the purpose of such a meeting is essentially information gathering and the designee has not been delegated a portion of the decision-making authority of the council itself. However, if the designee is authorized, either formally or informally, to exercise any decision-making authority on behalf of the council, i.e., to reject or approve certain contract provisions or terms, that person would be acting on behalf of the council or the board and any such meetings are subject to s. 286.011, Florida Statutes.
Questions One and Two
As these questions are related, they will be answered together.
According to your letter, the City of Destin is a defendant in one lawsuit involving the city's interpretation of its comprehensive plan and its land development regulations and is the plaintiff in another relating to the closure of the city hospital. In both of these actions, the city council desires the presence of a consultant at closed litigation strategy sessions allowed under section 286.011(8), Florida Statutes.
Section 286.011(8), Florida Statutes, provides that:
Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met: (a) The entity's attorney shall advise the entity at a public meeting that he desires advice concerning the litigation. (b) The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.[1] (c) The entire session shall be recorded by a certified court reporter. The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes shall be fully transcribed and filed with the entity's clerk within a reasonable time after the meeting. (d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session. (e) The transcript shall be made part of the public record upon conclusion of the litigation.
Section 286.011(8), Florida Statutes, does not create a blanket exception to the open meeting requirement of the Sunshine Law for all meetings between a public board or commission and its attorney.[2] The exemption is narrower than the attorney-client communications exception recognized for private litigants.[3] Only discussions on pending litigation to which the public entity, in this case the City of Destin, is presently a party are subject to its terms. Such discussions are limited to settlement negotiations or strategy sessions related to litigation expenditures.
Section 286.011(8), Florida Statutes, by its terms, is not expansive but is limited to particular individuals who are, in their official capacity, authorized to discuss particular limited subjects, i.e., litigation strategy or settlement negotiations. Nothing in the language of the statute authorizes the attendance of persons other than those officials who are designated to participate in these private strategy sessions.
It is a general rule of statutory construction that when a statute specifically sets forth those things upon which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned.[4] In addition, as a statute enacted for the public benefit, the Sunshine Law is construed liberally by this office and the courts to give effect to its public purpose, and exemptions to the law are construed narrowly.[5] Therefore, it is my opinion that a consultant may not attend a strategy session to provide technical support during a closed meeting held to discuss litigation strategy or settlement negotiations pursuant to section 286.011(8), Florida Statutes. The use of consultants to advise the city council or the city attorney would appear to be more appropriate to the fact-finding and discussion setting of a public meeting where citizens may also be advised of the parameters of concern involving ongoing litigation.
Further, it is my opinion that the city attorney may not temporarily adjourn and reconvene a closed meeting held pursuant to the provisions of section 286.011(8), Florida Statutes, in order to conduct consultations outside the presence of the political body. The statute sets forth numerous conditions for holding a private meeting to discuss settlement negotiations or strategy sessions related to litigation expenditures. Among those are requirements that reasonable notice of such a meeting must be given and the private session must commence at an open meeting at which an estimate of the length of the attorney-client session shall be announced. The statute provides that "[a]t the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session."[6]
Again, as an exception to the Government in the Sunshine Law, this exemption must be read strictly with a view toward protecting the interests of the public. There is no indication that section286.011(8), Florida Statutes, would allow temporary adjournments and reconvenings of closed attorney-client meetings for the purpose of meeting with consultants. To authorize such a meeting would allow the city attorney to discuss matters with the consultant outside the Sunshine Law, as neither the public nor the court reporter required by section 286.011(8) would be present. The statute must be read to frustrate all evasive devices[7] and would appear to presuppose that the governmental attorney and the board or commission will be sufficiently informed of all matters necessary to make a private litigation strategy attorney-client session successful.
However, section 286.011(8), Florida Statutes, does not limit the number of closed litigation strategy sessions which may be held. Rather, a number of these private meetings may be called as relevant information is developed during the course of a public meeting or throughout a series of meetings to discuss these matters.
Questions Two and Three
Your second and third questions deal with the applicability of the Public Records Law and the Government in the Sunshine Law to negotiations between a person designated by the City of Destin or by a hospital advisory board and private parties for the purchase of a hospital by the city.
According to your letter, the city council has agreed to "appoint a hospital advisory board to determine the best course of action for the City of Destin with regard to the possible purchase of" a hospital from a private corporation. From this information it appears that this group has been charged by the city council to act on its behalf in determining the advisability and terms of a possible acquisition of this property.
The courts and this office have recognized that advisory boards whose powers are limited to making recommendations to a public agency and which possess no authority to bind that agency in any way are subject to the Sunshine Law.[8] Thus, the hospital advisory board is a board or commission subject to the provisions of the Government in the Sunshine Law.
The Government in the Sunshine Law, section 286.011, Florida Statutes, is generally understood to apply to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by that board or commission. However, under certain circumstances, this office has expressed the view that the physical presence of two members of a board is not always required in order for a violation of the Sunshine Law to occur.[9]
In Attorney General's Opinion 84-54, this office stated that meetings between representatives of a private cultural arts organization and a city commissioner appointed by the city commission to meet with such representatives to propose a referendum concerning the construction and funding of a cultural center and performing arts theater for city commission consideration were subject to section 286.011, Florida Statutes. This conclusion was based on a determination that the city commission had delegated to the individual commissioner the authority to prepare and propose the referendum with the assistance of the private group. The opinion states that:
[A] delegate or single member of a board or commission who is authorized or directed or designated by such board to act for and on behalf of, or exercise authority in the name of, the entire board, stands in the place of the entire board and is thereby subject to the provisions of s. 286.011, F.S.
Similarly, a line of cases has developed in Florida expressing the position of the courts that governmental entities may not carry out decision-making functions outside the Sunshine Law by delegating such authority.[10]
In the case of News-Press Publishing Company, Inc. v. Carlson,[11]
the court considered whether the governing body of a public hospital had delegated its responsibility to prepare a budget to an internal budget committee specifically subjecting the committee to the provisions of the Sunshine Law. In determining that such a delegation had taken place, the court noted that the ad hoc committee had been created to prepare the proposed annual budget for the hospital. The budget requests of the various hospital departments were submitted to the committee and, when all of the requests had been received by the committee and the departmental income had been projected, the matter was discussed at a budget committee meeting and a proposed budget was created. The proposed budget was then submitted to the finance committee of the hospital and was accepted with very little discussion.
Similarly, the board of directors of the hospital approved the budget with very little discussion. The court determined that a violation of the Sunshine Law had taken place when the committee met in private to prepare the proposed budget, and stated that:
When public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, those delegated that authority stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.[12]
Thus, the delegation by a public body of its authority to act in the formulation, preparation, and promulgation of plans or, in the instant case, contracts, on which the entire body itself may foreseeably act, will subject the person or persons to whom such authority is delegated to the Sunshine Law.
Further, whether the delegation of this decision-making authority is accomplished formally or informally, the terms of section286.011, Florida Statutes, will apply equally. For example, in the Carlson case, supra, the court found that a de facto delegation of authority to prepare a budget had occurred based on the fact that ratification and approval of a $35 million budget containing more than 4,700 separate line items was accomplished summarily.
Similarly, you have presented a situation where a designee of the City of Destin or a city-appointed advisory board determines the possible terms and price of a potential sale, meets with a consultant and makes an offer to purchase a hospital. It is only after these negotiations have been concluded that the final purchase price is presented to the city council for approval. In line with the decision in Carlson, these private negotiations from which the public is excluded would violate the provisions of the Government in the Sunshine Law.
You have suggested that section 166.045, Florida Statutes, would authorize a confidentiality agreement between the city or its designee and the private company with which the city wishes to negotiate for purchase of a hospital. While you have not provided me with information on specific provisions, it appears that this confidentiality agreement would require all negotiation sessions and documents relating to this purchase to be kept closed to the public.
Section 166.045(1)(a), Florida Statutes, states that:
In any case in which a municipality, pursuant to the provisions of this section, seeks to acquire by purchase any real property for a municipal purpose, every appraisal, offer, or counteroffer must be in writing. Such appraisals, offers, or counteroffers are not available for public disclosure or inspection and are exempt from the provisions of s. 119.07(1) until an option contract is executed or, if no option contract is executed, until 30 days before a contract or agreement for purchase is considered for approval by the governing body of the municipality. If a contract or agreement for purchase is not submitted to the governing body for approval, the exemption from s. 119.07(1) will expire 30 days after the termination of negotiations. The municipality shall maintain complete and accurate records of every such appraisal, offer, and counteroffer. For the purposes of this section, the term "option contract" means a proposed agreement by the municipality to purchase a piece of property, subject to the approval of the local governing body at a public meeting after 30 days' public notice. The municipality will not be under any obligation to exercise the option unless the option contract is approved by the governing body at the public hearing specified in this section. . . .
The statute further provides that "[n]othing in this section shall be interpreted as providing an exemption from, or an exception to, s. 286.011."[13]
Clearly then, this statute provides an exemption from the Public Records Law, section 119.07(1), Florida Statutes, for "every [written] appraisal, offer, or counteroffer" relating to the proposed purchase of municipal real property.[14] The statute specifically states that it provides no exemption from the terms of the Government in the Sunshine Law.
Applying sections 166.045 and 286.011, Florida Statutes, to the factual situation you have presented, it is my opinion that the City Council of the City of Destin is not authorized to execute a confidentiality agreement that would exempt, from the provisions of the Sunshine Law, meetings between a person designated by the city or by an advisory board and representatives of a private corporation for the purchase of a hospital. However, under the terms of section 166.045(1), Florida Statutes, written appraisals, offers, and counteroffers that are made relating to the purchase of this property are exempt from the terms of the Public Records Law until an option contract is executed or until 30 days before a contract for purchase is considered for approval.
You have also asked whether a designee of the city or a designee of a group appointed by the city may engage in fact-finding or information gathering in private meetings without violating the Sunshine Law. This office on a number of occasions has determined that when an individual functions solely as a fact-finder with no decision-making authority, no "board or commission" subject to the Sunshine Law is created.
In Attorney General's Opinion 90-17, a city asked whether a member of the city council could meet and negotiate in private with a garbage contractor if he or she did not possess any authority to bind the city council but merely gathered information. In concluding that such meetings would not violate the Sunshine Law, the case of Cape Publications, Inc. v. City of Palm Bay,[15] was analyzed. In that case, the district court considered whether certain activities of the city and the city manager violated the Sunshine Law. The city charter placed sole responsibility for the selection of a police chief in the city manager. However, when it became necessary to select a new chief of police, the city manager asked certain people to sit in on the interviews with him. The only function of this group was to assist the city manager in acquiring information on the applicants he had chosen by asking questions during the interviews and then discussing the qualifications of each candidate with the city manager after the interview. The court stated that:
Because the record demonstrates that the committee selected by the city manager had the sole function of assisting him with "fact-finding," to supply him with the necessary information so that he could properly exercise his duties and responsibility in selecting a new chief of police, and because the committee had no decision-making function such as authority to screen, interview or recommend applicants to the city manager, the group was not a "board" within the contemplation of the Sunshine Law and its meetings were not required to be open to the public.[16]
Thus, when a person or group, on behalf of an entire public body, functions solely as a fact-finder with no decision-making authority, no "board or commission" subject to the Sunshine Law is created.
Therefore, it is my opinion that a person designated by the City Council of the City of Destin or by a hospital advisory board created by the city to perform a fact-finding or information gathering function on behalf of the larger public body would not be subject to the requirements of the Government in the Sunshine Law in performing his or her duties.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] In subsequent communications you have asked this office to delineate the legitimate parameters of discussions at meetings conducted pursuant to section 286.011(8), Fla. Stat. All matters that may be classified as "settlement negotiations or strategy sessions related to litigation expenditures" may be discussed. It appears that the Legislature did not specifically delineate the content of such meetings in order to allow local governmental bodies and their attorneys some flexibility in discussing such matters and this office will not read into the statute any limitations that are not evidenced by the legislative language. Cf., Johnson v. Taggart, 92 So.2d 606 (Fla. 1957) (courts are not authorized to embellish legislative requirements with their own notions of what might be appropriate.) However, as discussed herein, this exemption from disclosure is not as broad as the attorney-client communications exception recognized for private litigants.
[2] See also, Op. Att'y Gen. Fla. 93-53 (1993), in which the terms and intent of s. 286.011(8), Fla. Stat., are discussed.
[3] Cf., s. 90.502, Fla. Stat. (1993), recognizing a lawyer-client privilege under the Florida Evidence Code.
[4] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944).
[5] See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Op. Att'y Gen. Fla. 85-89 (1985) (contracts for legal counsel between county and private law firm not within the exemption expressed in s. 119.07[3][o], Fla. Stat. [1984 Supp.], for work product); and Op. Att'y Gen. Fla. 84-81 (1984) (information revealing identity of victim of sexual battery or victim of child abuse contained in public records made part of court file and not specifically closed by order of court are not excepted or exempted from public disclosure and inspection).
[6] Section 286.011(8)(d), Fla. Stat. (1993).
[7] Cf., Blackford, Etc. v. School Board of Orange County,375 So.2d 578 (Fla. 5th DCA 1979); Wolfson v. State, 344 So.2d 611 (Fla. 2d DCA 1977); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971), for the proposition that the Sunshine Law should be construed so as to frustrate all evasive devices.
[8] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974); Spillis Candela Partners, Inc. v. Centrust Savings Bank, 535 So.2d 694 (Fla. 3d DCA 1988); Op. Att'y Gen. Fla. 92-26 (1992) (committee responsible for making recommendations to city council on personnel matters); Op. Att'y Gen. Fla. 87-42 (1987) (ad hoc committee appointed by mayor to meet with the chamber of commerce to discuss a proposed transfer of city property); Op. Att'y Gen. Fla. 86-51 (1986) (land selection committee appointed by water management district to evaluate and recommend projects for acquisition).
[9] See, e.g., Op. Att'y Gen. Fla. 74-84 (1974) (an individual member of the Board of Dentistry or a member and the board's executive director who conduct a quasi-judicial hearing or an investigatory proceeding on behalf of the entire board are required to hold it in the sunshine); Op. Att'y Gen. Fla. 74-294 (1974) (a single member of a board or commission who has been delegated the authority to act on behalf of the board or commission in matters such as the lease of land is subject to the Sunshine Law and, therefore, cannot negotiate for such a lease in secret); Op. Att'y Gen. Fla. 87-34 (1987) (an individual city council member may meet privately with an individual member of the municipal planning and zoning board to discuss a recommendation made by the board as two or more members of either body would not be present, provided that no delegation of decisionmaking authority has been made to the city council member present and that such member is not acting as a liaison for the entire council or any smaller group of the members thereof in such discussions).
[10] See, e.g., IDS Properties Inc. v. Town of Palm Beach,279 So.2d 353, 359 (Fla. 4th DCA 1973) (the Sunshine Law does not provide for any government by delegation exception; a public body cannot escape the application of the Sunshine Law by undertaking to delegate the conduct of public business through an alter ego.); and see, Jones v. Tanzler, 238 So.2d 91 (Fla. 1970).
[11] 410 So.2d 546 (Fla. 2d DCA 1982).
[12] Id. at 547-548. And see, IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (Fla. 4th DCA 1973).
[13] Section 166.045(2), Fla. Stat. (1993).
[14] See, Op. Att'y Gen. Fla. 90-53 (1990) (s. 166.045[1][a], F.S., requires that appraisals, offers or counteroffers be in writing when a municipality is utilizing the provisions of this section to acquire property; a municipality that does not have any charter or ordinance provision setting forth the procedures for the acquisition of real property would be required to comply with the provisions of s. 166.045, Fla. Stat.)
[15] 473 So.2d 222 (Fla. 5th DCA 1985).
[16] Id. at 225.