Mr. Joseph G. Jarret Polk County Attorney Drawer AT01, Post Office Box 9005 Bartow, Florida 33831-9005
Dear Mr. Jarret:
On behalf of the Polk County Board of County Commissioners, you ask substantially the following questions:
1. When a county has declared a state of local emergency pursuant to section 252.38(3)(a)5., Florida Statutes, must that declaration be renewed every seven days?
2. During a declared state of emergency, when two or more county commissioners make coincidental unscheduled appearances to discuss with staff emergency issues that may come before the county commission, are the requirements of the Government in the Sunshine Law regarding notice applicable?
You state that due to recent hurricane-related disaster recovery efforts, two issues have arisen with which the county seeks assistance.
Question One
Section 252.38, Florida Statutes, sets forth the emergency management powers of political subdivisions. Recognizing that safeguarding the life and property of its citizens is an innate responsibility of the governing body of each political subdivision of the state, the statute in paragraph (3)(a)5. recognizes the authority of each political subdivision:
"To request state assistance or invoke emergency-related mutual-aid assistance by declaring a state of local emergency in the event of an emergency affecting only one political subdivision. The duration of eachstate of emergency declared locally is limited to 7 days; it may beextended, as necessary, in 7-day increments." (e.s.)
The above statute limits a state of emergency declared locally to seven days, but recognizes that such a state of emergency may be extended in seven-day increments. Where the Legislature has prescribed the manner in which a thing is to be done, it acts as a prohibition against its being done in another way.[1] While you state that there are a number of municipalities located within the county,[2] the declaration of a state of local emergency affects Polk County, a single political subdivision. To read the statute in a manner that would preclude a county from declaring a state of local emergency because there are municipalities within its boundaries would render the statute meaningless as it relates to counties.[3]
Accordingly, I am of the opinion that when a county has declared a state of local emergency pursuant to section 252.38(3)(a)5., Florida Statutes, and wishes to extend that declaration, such declaration must be renewed every seven days.
Question Two
You ask whether notice is required during a declared state of emergency when two or more county commissioners meet with staff to discuss emergency procedures that may come before the commission for action.
Florida's Government in the Sunshine Law, section 286.011, Florida Statutes, has been applied to any gathering of two or more members of the same board to discuss some matter that foreseeably will come before that board for action.[4] The statute requires, among other things, that notice of such meetings must be provided.[5]
Section 252.38(3)(a)5., Florida Statutes, provides a political subdivision the power and authority to waive the procedures and formalities otherwise required of the political subdivision by law pertaining to:
"a. Performance of public work and taking whatever prudent action is necessary to ensure the health, safety, and welfare of the community.
b. Entering into contracts.
c. Incurring obligations.
d. Employment of permanent and temporary workers.
e. Utilization of volunteer workers.
f. Rental of equipment.
g. Acquisition and distribution, with or without compensation, of supplies, materials, and facilities.
h. Appropriation and expenditure of public funds."
The waiver of the notice requirements required under the Sunshine Law is not among those listed, although the statute does recognize the authority of the political subdivision to take whatever prudent action is necessary to ensure the health, safety, and welfare of the community. Your inquiry, however, does not involve a determination by the governing body of the county that the state of emergency requires a suspension of the requirements of the Sunshine Law in order to ensure the health, safety and welfare of the community. Rather, your inquiry concerns a coincidental unscheduled meeting of two or more county commissioners to discuss emergency issues with staff. Thus, the presence of two or more members of the county commission would appear to be inadvertent rather than dictated by a real and present need due to the emergency for two or more members of the county commission to attend the meeting.
As noted above, the Sunshine Law applies to any gathering of two or more members of the county commission to discuss some matter that foreseeably will come before the commission for action. If the discussion between the commissioners and staff concerns issues that do not require action by the county commission, such a casual discussion between staff and the commissioners would not appear to be subject to the requirements of section 286.011, Florida Statutes. To the extent the issues being discussed are matters that are likely to be presented to the county commission for future action, some type of notice should be provided. The notice requirements under the Sunshine Law require only "reasonable" notice. Such notice is variable and dependent upon the circumstances. Thus, the notice required under the Sunshine Law during an emergency clearly may be different than that required for regular meetings. This office has advised that emergency meetings should be afforded the most appropriate and effective notice possible under the circumstances.[6]
The use of the media in such instances may be highly effective.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way."); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
[2] Section 252.34(8), Fla. Stat., defines "[p]olitical subdivision" to mean "any county or municipality created pursuant to law."
[3] See Op. Att'y Gen. Fla. 99-71 (1999) (a construction of statute that would lead to unreasonable, harsh or absurd results is to be avoided); and see Neu v. Miami Herald Publishing Company, 462 So.2d 821
(Fla. 1985) (in construing legislation, courts should not assume Legislature acted pointlessly); Sharer v. Hotel Corporation of America,144 So.2d 813 (Fla. 1962). Cf. s. 252.38(1)(a), Fla. Stat., requiring a county to establish and maintain a local emergency management agency which, except as otherwise provided in ss. 252.31—252.90, Fla. Stat., "shall have jurisdiction over and serve an entire county."
[4] See Hough v. Stembridge, 278 So.2d 288 (Fla. 3rd DCA 1973); and seeCity of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Board of PublicInstruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969);Wolfson v. State, 344 So.2d 611 (Fla. 2nd DCA 1977).
[5] Section 286.011(1), Fla. Stat.
[6] See, e.g., Op. Att'y Gen. Fla. 90-56 (1990); Government in the Sunshine Law, 2004 edition, p. 35.