410 So.2d 546 (1982)
NEWS-PRESS PUBLISHING CO., INC., D/B/a Fort Myers News-Press, Appellant,
v.
Eloise CARLSON, William Daniels, Clifton Foxworthy, Frieda Edwards, Harold C. Case, John Atkinson, John Forsyth, George Austin, Vera M. Campbell, and Larry Daniels, As Duly Elected Board of Directors of Lee Memorial Hospital, and John Gadd, As Chief Executive Officer of Lee Memorial Hospital, Appellees.
No. 81-493.
District Court of Appeal of Florida, Second District.
February 5, 1982.
Rehearing Denied March 5, 1982.
Steven Carta of Smith, Carta & Ringsmuth, Fort Myers, for appellant.
Robert L. Donald of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Fort Myers, for appellees, Eloise Carlson and Larry Daniels.
*547 Andrew D. Owens, Jr. of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Sarasota, for appellees, Clifton Foxworthy, Frieda Edwards, Harold C. Case, John Atkinson, John Forsyth, George Austin, Vera M. Campbell, and John Gadd.
Barry Scott Richard of Roberts, Miller, Baggett, LaFace, Richard & Wiser, Tallahassee, amicus curiae for The Florida Press Ass'n and The Florida Soc. of Newspaper Editors.
Harvey H. Rollings of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Cape Coral, amicus curiae for Cape Coral Medical Center, Inc.
Joel T. Strawn of MacMillan, Newett, Adams, Strawn, Stanley & Botos, Delray Beach, amicus curiae for Florida Hospital Ass'n, Inc.
SCHOONOVER, Judge.
The appellant, News-Press Publishing Co., Inc., has appealed the trial court's denial of an injunction requiring the appellees' internal budget committee and certain other committees to hold public meetings pursuant to section 286.011, Florida Statutes (1979), commonly known as the Government in the Sunshine Law.
We find that the trial court erred in holding that meetings of the ad hoc internal budget committee of Lee Memorial Hospital were not controlled by the Sunshine Law. We accordingly reverse that portion of the final judgment which refused to grant an injunction requiring that committee to meet in public, after giving reasonable notice, and to keep minutes of their meetings. We affirm the balance of the judgment.
Lee Memorial Hospital is a public hospital in Lee County, Florida. Under its enabling act, chapter 63-1552, Special Laws of Florida (1963), the board of directors is the governing body of the hospital and is responsible for adopting the annual budget. The board has delegated its responsibility for the preparation of a proposed budget to the president and his staff.
Pursuant to this delegation of authority, an ad hoc committee known as the internal budget committee was created for the preparation of the proposed 1980-81 budget. The committee was composed of the four vice presidents of the hospital and Mr. Gadd president and chief executive officer of the hospital. Mr. Gadd acted as chairman of the committee. The committee met as needed during the formulation process of from four to six months.
Budget requests of the various departments of the hospital were submitted to the vice president in charge of that department. These requests were reviewed, revised, and then submitted to the budget committee by the vice president in charge of that particular department. When all of the requests had been received by the committee and they had projected their income, the matter was discussed at a budget committee meeting, and a proposed budget was created. The 1980-81 budget contained more than forty-seven hundred line items and amounted to approximately thirty-five million dollars.
The proposed budget was then submitted to the finance committee which consisted of members of the board. This committee accepted the budget with very little discussion. On the same day, the budget was submitted to the board of directors of the hospital, and they also approved it with very little discussion.
The appellees contend that the internal budget committee is not a board or agency within the Sunshine Law. However, when the governing authority of the hospital delegated the responsibility of the preparation of the proposed budget to this committee, the nature and function of that committee reached the status of a board or committee, and therefore, it had to comply with the Sunshine Law.
When public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, those delegated that authority stand in the shoes of *548 such public officials insofar as the application of the Government in the Sunshine Law is concerned. IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (Fla. 4th DCA 1973).
A very complex budget amounting to thousands of items and totalling approximately thirty-five million dollars was conceived during a several month period but approved by ceremonial acceptance of the board with very little discussion. One purpose of the Government in the Sunshine Law is to prevent at nonpublic meetings the crystallization of secret decisions to a point just short of ceremonial acceptance. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974).
The preponderant interest of allowing the public to participate in the conception of a complex multimillion dollar budget is sufficient, under the facts of this case, to justify the inclusion of the selected subordinate group within the provisions of the Government in the Sunshine Law. Town of Palm Beach v. Gradison.
We agree with the holding of the Fourth District Court of Appeal in the case of IDS Properties, Inc. v. Town of Palm Beach that it would be ludicrous to invalidate the actions of a public body where said actions are the results of secret meetings of that body, while at the same time giving approval to similar actions resulting from the secret meetings of committees designated by, or acting under the authority of, the public body.
The appellees contend that since this committee consists of staff members only it should be excluded from the Sunshine Law. In that regard, we must look to the substance of the committee rather than its form.
It is true that staff is normally not included within the Sunshine Law. Occidental Chemical Co. v. Mayo, 351 So.2d 336 (Fla. 1977). However, when a member of the staff ceases to function in his capacity as a member of the staff and is appointed to a committee which is delegated authority normally within the governing body, he loses his identity as staff while operating on that committee and is accordingly included within the Sunshine Law. In the Occidental case, the question was whether or not the public body was using staff members as intermediaries in order to circumvent the public meeting requirements. In this case, the staff became the public body.
The appellees' reliance on this court's decision in Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCa 1976), is misplaced. In the Bennett case, we held that the career employees' council, consisting of employees designated by the president of the junior college, was not subject to the Sunshine Law. The employees were appointed for the purpose of discussing with the president various problems and to make suggestions relating to their working conditions in general, and wages and hours in particular. They were thus discussing their own staff positions. Additionally, they had no decision-making ability, and their recommendations were not made directly to the board. Their recommendations were considered by the president of the college, who then formed his own recommendations and submitted them to the administrative council. The administrative council then submitted its recommendations to the governing body. We held that the actions of the committee were too remote to be directly connected with the decision-making process.
It would be equally ludicrous to hold that a certain committee is governed by the Sunshine Law when it consists of members of the public, who are presumably acting for the public, but hold a committee may escape the Sunshine Law if it consists of individuals who owe their allegiance to, and receive their salaries from, the governing authority.
While operating as members of the staff and meeting with their own subordinates for fact-finding, these committee members are of course not within the Sunshine Law. It would be unrealistic, indeed intolerable, to require that every meeting of such professionals, as well as every contact and discussion with anyone from whom they would seek counsel and consultation to assist them in acquiring the necessary information, *549 data, or intelligence needed to advise or guide them in their capacity as a vice president of the hospital, be a public meeting within the description of the Sunshine Law. Bennett v. Warden. However, when they put on their committee "hat" and act as a board governed by the act and discuss, deliberate, decide, and take action to formulate a proposed budget, or to adjust hospital budget charges during the fiscal year covered by that budget, these meetings constitute official acts which are an indispensable requisite to formal action. At that point the committee must give reasonable notice to the public, meet in public, and keep minutes of their meetings as required by section 286.011, Florida Statutes (1979). Times Publishing Company v. Williams, 222 So.2d 470 (Fla. 2d DCA 1969).
We accordingly reverse and remand for proceedings consistent herewith.
BOARDMAN, A.C.J., and DANAHY, J., concur.