Mr. James G. Yaeger County Attorney County of Lee Post Office Box 398 Fort Myers, Florida 33902
Attention: Mr. Jerrold S. Stern, Assistant County Attorney
Dear Mr. Yaeger:
This is in response to your request for an opinion on substantially the following question:
 ARE THE MEETINGS OF A CITIZENS' ADVISORY COMMITTEE, APPOINTED BY A METROPOLITAN PLANNING ORGANIZATION PURSUANT TO s 334.215(16), F.S., SUBJECT TO PROVISIONS OF s 286.011(1), F.S., FLORIDA'S `SUNSHINE LAW'?
I am advised that the local metropolitan planning organization, a composite local governmental entity (hereafter referred to as the `M.P.O.') was established pursuant to s 334.215, F.S., and that the `Community Involvement Committee' to which your letter refers is a committee created pursuant to s 334.215(16), F.S., which requires the M.P.O. to appoint a citizens' advisory committee.
Chapter 79-219, Laws of Florida, codified as s 334.215, F.S., creates a metropolitan planning organization (M.P.O.) within each urbanized area of the state where such a planning organization is necessary to meet federal requirements to obtain and expend federal transportation funds. The M.P.O. is a composite local governmental entity established in any area where such a planning organization is required by federal law or regulation. An urbanized area must have a M.P.O. in order to obtain any federal aid for transportation facilities or improvements within the area and for any federally aided urban extension and interstate system projects. The M.P.O. is required to appoint a citizens' advisory committee, or, with the Department of Transportation and federal concurrence, adopt an alternative mechanism to insure citizen involvement in the transportation planning process. The members of the committee are chosen to provide a broad cross section of citizens, including minorities, the elderly and the handicapped, who have an interest in the development of an efficient, safe and cost-effective transportation system. Section 334.215(16), F.S.
To respond to your question it will be necessary to determine whether the meetings of the citizens' advisory council come within the meaning of s 286.011(1), F.S., which provides that:
 All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
The Supreme Court has held that an ad hoc advisory board, whose powers were limited to making recommendations to a public agency and which possessed no authority to bind the agency, was subject to the Sunshine Law. Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974). And see, IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353, 356 (4 D.C.A. Fla., 1973), which states that `[t]hose to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken bysuch public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.' (Emphasis supplied by Court) See also, News-Press Pub. Co., Inc. v. Carlson, 410 So.2d 546 (2 D.C.A. Fla., 1982) applying the rules of IDS Properties to an internal budget committee consisting of staff members of a public hospital and holding that when the governing authority of the hospital delegated the responsibility of preparation of a proposed budget to such committee, the nature and function of the committee reached the status of a `board or committee,' and therefore, it had to comply with the Sunshine Law. Cf., AGO 076-193, in which the Central Florida Commission on the Status of Women, an advisory board which was appointed to make recommendations to several county commissions that created it, was advised to comply with the Sunshine Law, and AGO 077-43 which found a committee selected by a county bar association at the request of and pursuant to delegated authority by a district school board to screen applicants for the position of school district attorney and to make recommendations or nominations to the school board for its consideration in the appointment, likewise subject to the Sunshine Law.
In Town of Palm Beach v. Gradison, supra, the court indicated that although the Legislature could not require meetings of organizations unconnected with municipal government to conform to the provisions of Ch. 286, F.S., `a subordinate group or committee selected by the governmental authorities should not feel free to meet in private.' The court stressed that every meeting of a board, commission, agency or authority of a municipality should be `a marketplace of ideas' so that the citizens who will ultimately be affected by the municipal action can have sufficient input into the decision-making process. Justice Adkins stated:
 The statute should be construed so as to frustrate all evasive devices. This can be accomplished only by embracing the collective inquiry and discussion stages within the terms of the statute, as long as such inquiry and discussion is conducted by any committee or other authority appointed and established by a governmental agency, and relates to any matter on which foreseeable action will be taken. At 477.
See also, News-Press Pub. Co., Inc. v. Carlson, supra, at 548, stating that one of the purposes of the Government in the Sunshine Law is to prevent, at meetings not open to the public, the crystallization of secret decisions to a point just short of ceremonial acceptance. The court considered the interest of allowing public participation in a multimillion dollar budgeting process sufficient to justify the inclusion of an internal budget committee, appointed by the governing authority of a hospital, within the provisions of the Sunshine Law.
The purpose of the citizens' advisory committees appointed under s 334.215(16), F.S., is to assure adequate citizen involvement in the transportation planning process, and the M.P.O. itself is a forum for cooperative decision-making by the principal elected officials of general purpose local governments. It would seem to follow that meetings of a citizens' advisory committee appointed by the M.P.O. during which the members deal with matters on which foreseeable action will be taken by the M.P.O. are subject to provisions of the Sunshine Law. Therefore it is my opinion that, until legislatively or judicially determined to the contrary, the meetings of a citizens' advisory committee of a Metropolitan Planning Organization appointed pursuant to s 334.215(16), F.S., are subject to the provisions of s 286.011, F.S., Florida's Government in the Sunshine Law.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General