Ms. Margaret T. Brewer City Attorney City of New Smyrna Beach 210 Sams Avenue New Smyrna Beach, Florida 32069-9985
Dear Ms. Brewer:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. ARE THE ACTIVITIES OF THE FLORIDA BLUE CHIP COMMUNITY COMMITTEES ORGANIZED FOR QUALIFYING THE CITY OF NEW SMYRNA BEACH FOR A FLORIDA BLUE CHIP COMMUNITY CERTIFICATION SUBJECT TO THE GOVERNMENT IN THE SUNSHINE LAW?
 2. ARE THE ACTIVITIES OF A DOWNTOWN REDEVELOPMENT TASK FORCE WHICH PROVIDES RECOMMENDATIONS TO THE NEW SMYRNA BEACH CITY COMMISSION FOR IMPROVEMENT OF THE DOWNTOWN BUSINESS DISTRICT SUBJECT TO THE GOVERNMENT IN THE SUNSHINE LAW?
You state that the Division of Economic Development of the Department of Commerce has instituted the Florida Blue Chip Community Certification Program. The program has been developed to assist communities in achieving their goals for new job opportunities and improving the overall quality of life. In order for a community to complete the certification process for a Florida Blue Chip Community, six major categories and subsequent standards must be established. You have indicated that these standards require formation or designation in the community of an economic development organization, a community preparation committee, a community information requirements committee, an existing industries requirements committee, a financial assistance requirements committee and a site and building requirements committee.
According to your letter the New Smyrna Beach Industrial Development Board is composed of six members who are appointed by the city commission. The industrial development board members serve as advisory consultants to the city commission regarding the development of the New Smyrna Beach industrial park and other industry-related programs for the city. The New Smyrna Beach Industrial Development Board has been designated by the city commission to pursue the certification of New Smyrna Beach as a Florida Blue Chip Community. Each member of the board serves as chairperson of one of the committees required for designation. The members of such committees are selected by the committee chairman and serve without compensation. The activities of the Florida Blue Chip Certification Committee are reviewed periodically by the city commission for purposes of giving administrative direction and guidance to the committee.
Section 286.011, F.S., Florida's Government in the Sunshine Law, provides in pertinent part that:
 All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Florida courts and this office have repeatedly stated that the Sunshine Law applies to the entire decision-making process and not merely to a formal assemblage of a public body at which voting to ratify an official decision is carried out. Thus, the provisions of the Sunshine Law are applicable to discussions and deliberations as well as to formal action taken by a public body. See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards and commissions; Neu v. Miami Herald Publishing Co., 462 So.2d 821 (Fla. 1985); Krause v. Reno,366 So.2d 1244 (3 D.C.A. Fla., 1979); Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969); AGO's 74-94 ("work-shop meeting" of planning and zoning commission subject to Sunshine Law), 74-273 ("fact-finding" discussions between two or more city council members and a planning firm must comply with s286.011, F.S.), 75-27 (a covered board must conduct its non-substantive business in the sunshine if such business requires board action or appropriately should be brought before the board for consideration). In Times Publishing Co. v. Williams, supra, at 473, the court stated that, pursuant to s 286.011, F.S.,
 [I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action." within the meaning of the act. (Emphasis supplied by court).
Thus, the Sunshine Law is applicable to any gathering where two or more members of a public board or commission discuss some matters on which foreseeable action will be taken by the board or commission.
Regarding what entities are subject to the Sunshine Law, the courts have stated that the Legislature intended to extend the application of the Sunshine Law to bind "every `board or commission' of the state or of any county or political subdivision over which it has dominion and control." See, Times Publishing Co. v. Williams, supra, at 473; City of Miami Beach v. Berns,245 So.2d 38 (Fla. 1971). The Florida Supreme Court has held that an ad hoc advisory board, whose powers were limited to making recommendations to a public agency and which possessed no authority to bind the agency in any way whatsoever, was subject to the Sunshine Law. Town of Palm Beach v. Gradison, 296 So.2d 473
(Fla. 1974). And see, News-Press Publishing Co., Inc. v. Carlson,410 So.2d 546 (2 D.C.A. Fla., 1982), in which the court held that meetings of an ad hoc internal budget committee of a county hospital were subject to the Sunshine Law.
In Town of Palm Beach v. Gradison, supra, the Florida Supreme Court considered whether a citizens' planning commission appointed by the city to meet with a planning firm retained to draw up a plan to revise local zoning ordinances was subject to s 286.011, F.S. The plan, drafted by the firm under the guidance of the citizens' committee, was adopted by the city at a public meeting. While this meeting to adopt the plan was held in compliance with the Sunshine Law, the Court held that the city council's actions were invalid because part of the drafting of the plan (which was influenced by input from the citizens' committee) was conducted outside of the sunshine. The Court concluded that an advisory board or committee appointed by a governmental body to make recommendations to the decision-making body and deliberating on matters upon which foreseeable action may be taken must meet as provided by the Government in the Sunshine Law.
The Court, in Town of Palm Beach v. Gradison, supra, construed the scope of s 286.011, F.S., as extending to include the "inquiry and discussion stages" of meetings of public bodies. It was held therein that an advisory lay group of citizens, serving part time as the alter egos of the town council to make tentative decisions guiding the zoning planners and to whom much of the administrative and legislative decisional zoning formulation authority ordinarily exercised by the governing body of a city had been delegated, served as an arm of the town council and was therefore a board or commission subject to s 286.011, F.S. And see, IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973), wherein the court held that there was no government by delegation exception to the Government in the Sunshine Law by undertaking to delegate the conduct of public business through the use of an alter ego. In the IDS Properties case, the Third District Court of Appeal stated that:
 It is axiomatic that public officials cannot do indirectly what they are prevented from doing directly. Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned. (Emphasis supplied by court). 279 So.2d at 356.
Although the Legislature has "no right to require meetings of civic organizations, unconnected with municipal government, to conform to the government in the sunshine law," Town of Palm Beach v. Gradison, supra, at 476, I am unable to state that the Florida Blue Chip Community Certification Committees in the instant inquiry are "unconnected with municipal government." The New Smyrna Beach City Commission has appointed the six members of the New Smyrna Beach Industrial Development Board. These board members each serve as chairperson of one of the six committees required to be formed for achieving designation as a Florida Blue Chip Community. The New Smyrna Beach City Commission has delegated to the industrial development board and its constituent committees the authority to act on its behalf in seeking designation as a Florida Blue Chip Community. It would appear that the industrial development board and the Florida Blue Chip Community Committees possess substantial authority to act in place of the city commission in this regard, the city commission merely reviewing periodically the actions of these committees for purposes of providing administrative assistance and guidance.
The factual situation presented herein is distinguishable from Town of Palm Beach v. Gradison, supra, in that the authority to appoint members of the committees resides in the members of the industrial development board who serve as chairpersons for individual committees rather than directly in the city commission. This office has previously opined that such a distinction would not serve to exempt such a committee from the requirements of the Sunshine Law. See, AGO 83-95, in which this office concluded that upon the acceptance by a county of a gift of technical services by a nonprofit corporation, any meetings of a nongovernmental committee appointed by the private nonprofit corporation to gratuitously provide technical assistance to a board of county commissioners in the recodification and amendment of that county's zoning code should meet in the sunshine as required by s 286.011, F.S.
Therefore, in the absence of any judicial or legislative direction otherwise, it is my opinion that the activities of Florida Blue Chip Community Certification Committees organized for qualifying the City of New Smyrna Beach for such a certification are subject to the provisions of s 286.011, F.S., and should be held in the sunshine.
QUESTION TWO
Your second question addresses the issue of whether the activities of a downtown redevelopment task force which provides recommendations to the New Smyrna Beach City Commission for the improvement of the New Smyrna Beach downtown business district are subject to the provisions of s 286.011, F.S.
Your letter states that the City Commission of New Smyrna Beach has, by resolution, supported the concept of a downtown redevelopment task force. However, the members of this task force were not appointed by members of the city commission. The purpose of the downtown redevelopment task force is to analyze methods for improvement of the downtown business and residential district of New Smyrna Beach and to place recommendations before the city commission for its consideration.
The answer to question one herein, with particular emphasis on the discussion of the Town of Palm Beach v. Gradison case, supra, is applicable to your second question as well. As was pointed out therein, the Florida Supreme Court in Town of Palm Beach v. Gradison, supra, has held that an ad hoc advisory board, with powers limited to making recommendations to a public agency and possessing no authority to bind such agency in any way whatsoever, is subject to the Sunshine Law. And see, AGO 83-95, discussed supra. See also, Wood v. Marston, 442 So.2d 934 (Fla. 1983), holding that a search-and-screen committee, appointed by the University of Florida president to solicit and screen applications for deanship of the law school and to submit a list of best qualified applicants for faculty approval before forwarding the list to the president for final selection, was a "board or commission" and was within the provisions of the Sunshine Law, since that committee performed a policy-based, decision-making function in deciding which applicants to reject from further consideration for deanship, and since review by faculty was mere secondhand retrospective reflection upon such a decision-making function by the committee. But see, Bennett v. Warden,333 So.2d 97 (2 D.C.A. Fla., 1976), in which the court held that a fact-finding advisory committee appointed by a university president to advise him on employee working conditions was not subject to s 286.011, F.S.; the court's decision relied on the committee's fact finding nature and its remoteness from the decision-making process.
As noted earlier herein, the Legislature has "no right to require meetings of civic organizations, unconnected with municipal government, to conform to the government in the sunshine law." See, Town of Palm Beach v. Gradison, supra, at 476. However, actions of the downtown redevelopment task force in analyzing methods for improvement of the downtown business and residential district of New Smyrna Beach and in placing recommendations before the city commission for its consideration appear to constitute a significant part of the decision-making process by the city commission toward the improvement of the New Smyrna Beach downtown business district. In effect, the downtown redevelopment task force stands in the place of the New Smyrna Beach City Commission when it analyzes information regarding the improvement of the downtown business district. Thus, the downtown redevelopment task force does not appear to be unconnected with municipal government and the activities of such a body would be subject to the Sunshine Law.
As discussed in Question One, the fact that the members of the task force are not appointed directly by the city commission would not necessarily remove the task force from the provisions of s286.011, F.S.
Further, the courts of this state have generally held that if there is a question as to whether a meeting is subject to the Government in the Sunshine Law, it is advisable to comply with the requirements of the statute, see, e.g., City of Miami Beach v. Berns, supra; Town of Palm Beach v. Gradison, supra.
Therefore, I am of the opinion, until legislatively or judicially determined otherwise, that the activities of the Florida Blue Chip Community Certification Committees organized for purposes of qualifying the City of New Smyrna Beach for a Florida Blue Chip Community Certification are subject to the provisions of the Government in the Sunshine Law, s 286.011, F.S., as these committees have been delegated the authority by the city commission to pursue certification for New Smyrna Beach as a Florida Blue Chip Community. Further, I would opine that the activities of a downtown redevelopment task force which analyzes methods for improvement of the downtown business and residential district and provides recommendations to the New Smyrna Beach City Commission regarding improvements of this area are subject to the provisions of s 286.011, F.S., as such activities appear to constitute a significant portion of the decision-making process involved in the city's plan for improvement of this area.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General