Mr. Robert Grafton Real Estate Counsel South Florida Water Management District Post Office Box V, 3301 Gun Club Road West Palm Beach, Florida 33402
Dear Mr. Grafton:
This is in response to your request for an opinion on substantially the following question:
 ARE MEETINGS OF THE LAND SELECTION COMMITTEE OF THE SOUTH FLORIDA WATER MANAGEMENT DISTRICT SUBJECT TO THE PROVISIONS OF THE FLORIDA GOVERNMENT IN THE SUNSHINE LAW?
The governing board of the South Florida Water Management District has adopted a Land Selection and Acquisition Policy pursuant to s.373.59, F.S., to facilitate the acquisition of interests in lands for water management, water supply, and conservation and protection of water resources. Section 5 of the Land Selection and Acquisition Policy provides for the formation of a Land Selection Committee to be composed of seven district staff members and further provides as follows:
 The Committee shall be responsible for receiving and evaluating all suggestions for purchase of land under the Save Our Rivers Program. All proposals to the Governing Board for acquisition should originate from the Committee; all suggestions for acquisition should be submitted to the Committee. The Committee shall meet at a minimum on a quarterly basis to consider all suggestions for acquisition and to prepare a list of proposed acquisition projects. In order for a suggested project to receive approval for consideration on the acquisition list proposed by the Committee, it must be nominated by one Committee Member and have votes of approval by at least four Committee Members. Should any member of the Committee have direct or indirect, present or contemplated future interest in a parcel proposed for inclusion, or could personally benefit from the acquisition of the parcel, the member shall not participate in discussion, vote or other action in regard to that parcel. The Board may review any project proposed to the Committee that has not been recommended to the Board by the Committee.
Moreover, as pertinent to your inquiry, s. 7 provides that
 A proposed acquisition list shall be prepared by the Committee and presented to the Governing Board annually, or more frequently, if considered necessary by the Board or the Committee. The list shall include the estimated costs and the statutory authority for the project. A written report shall be prepared on each project selected for acquisition consideration.
Section 10 further provides that "[f]inal acquisition decisions will be made by the Board."
Section 286.011, F.S., Florida's Government in the Sunshine Law, provides in pertinent part:
 (1) All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
One legislative purpose for the enactment of the Sunshine Law was to prevent the public from being deprived of the right to be present "at all deliberations wherein decisions affecting the public are being made." (e.s.) Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969). Thus, "[e]very step in the decision-making process . . . constitutes an `official act,' an indispensable requisite to `formal action,' within the meaning of the act." Times Publishing Co. v. Williams,222 So.2d 470, 473 (2 D.C.A.Fla., 1969). Under this view of the law, an ad hoc advisory board or committee appointed by a governmental body to make recommendations to the appointing authority and deliberating on matters upon which foreseeable action will be taken has been held subject to the law. See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). See also, AGO 85-76, wherein this office concluded that an ad hoc committee appointed by the mayor for the purpose of making recommendations concerning legislation was subject to s. 286.011, F.S. It has also been held that a city manager who used an advisory group to assist him in screening applications and making recommendations for the position of police chief created a "board" which was subject to the Government in the Sunshine Law. See, Krause v. Reno,366 So.2d 1244 (3 D.C.A.Fla., 1979). Compare, Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222 (5 D.C.A.Fla., 1985), holding that the Sunshine Law did not apply where a city manager asked a group of persons including city staff members and law enforcement experts to assist him in interviewing candidates for chief of police because such group performed a fact-finding function and did not screen the applications, make recommendations, or otherwise perform any decision-making function.
In News-Press Publishing Co., Inc. v. Carlson, 410 So.2d 546 (2 D.C.A.Fla., 1982), it was argued that a committee formed by the governing board of a public hospital which consisted solely of hospital staff should be excluded from the operation of s.286.011, F.S., notwithstanding the committee's function in preparing a budget for the public hospital and submitting the budget to the hospital's governing board. The court rejected the contention, saying that
 when a member of the staff ceases to function in his capacity as a member of the staff and is appointed to a committee which is delegated authority normally within governing body, he loses his identity as staff while operating on that committee and is accordingly included within the Sunshine Law.
410 So.2d at 548. In Wood v. Marston, 442 So.2d 934 (Fla. 1983), the Florida Supreme Court, considering the cases of Town of Palm Beach v. Gradison, supra, News-Press Publishing Co., Inc. v. Carlson, supra, and Krause v. Reno, supra, noted that each involved a delegation of a portion of the decision-making authority to an advisory group. The Court found that the Second District Court of Appeal in Carlson "correctly focused on the nature of the act performed, not on the make-up of the committee or the proximity of the act to the final decision," in determining whether an ad hoc committee was subject to s. 286.011. Wood v. Marston, supra at 939. Thus the Court, finding that a delegation of the decision-making process had occurred, held the Sunshine Law applicable to a search-and-screen committee appointed by the President of the University of Florida to make a recommendation for filing the vacant law school deanship at the university. See also, AGO 84-70 (county staff grievance committees are subject to and should comply with the requirements of the Government in the Sunshine Law.)
The foregoing precedents clearly establish that an advisory board or committee is subject to the Government in the Sunshine Law when an agency or authority of a political subdivision, such as the governing board of the South Florida Water Management District, delegates decision-making authority to such board or committee, even when the decisions the board or committee may make are subject to further action by the agency or where the board or committee is composed entirely of staff. The Land Selection and Acquisition Policy as adopted by the governing board of the South Florida Water Management District establishes a Land Selection Committee and delegates to that committee the authority to consider projects to be included in or excluded from a list of proposed acquisition projects to be recommended to and acted on by the governing board and thus appears to vest in the Land Selection Committee decision-making authority with respect to matters upon which foreseeable action will be taken by the board. Therefore, it is my opinion that the Land Selection Committee of the South Florida Water Management District is subject to and should comply with the requirements of the Government in the Sunshine Law, s.286.011, F.S., even though such committee may be composed entirely of district staff and its decisions and recommendations are subject to further action by the district's governing board.
Accordingly, unless and until legislatively or judicially determined otherwise, it is my opinion that meetings of the Land Selection Committee of the South Florida Water Management District are subject to the provisions of the Florida Government in the Sunshine Law, since the Land Selection and Acquisition Policy as adopted by the district's governing board establishes the committee and delegates to it decision-making authority with respect to matters upon which foreseeable action will be taken by the board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General