Mr. Jon M. Henning City Attorney City of Sunrise 10770 West Oakland Park Boulevard Sunrise, Florida 33351
Dear Mr. Henning:
You have asked for my opinion on substantially the following questions:
Will a violation of the Government in the Sunshine Law, s.286.011, F.S., occur: 1. If a city council member meets and negotiates in private with a garbage contractor where the city council has formally selected the council member to so act and where the council member has not been delegated final decision-making authority to reach an agreement but has specifically been instructed to bring back the results of his or her negotiations for discussion by the full council at a public meeting? 2. If the city council member meets and negotiates in private with a garbage contractor as in Question One but the council member acts informally for the city council where it is the consensus of the council members that he or she do so but no formal appointment or delegation has taken place? 3. If the city council member meets and negotiates in private with a garbage contractor as in Question One but acts on his or her own without being either formally or informally delegated to do so by the city council?
In sum:
1 and 2. It is not a violation of the Government in the Sunshine Law for a city council member, either formally or with the informal approval of the council, to meet with a private garbage contractor if the purpose of such meeting is essentially information gathering and the council member has not been delegated a portion of the decision-making authority of the council itself. However, if the council member is authorized, either formally or informally, to exercise any decision-making authority on behalf of the council, i.e., to reject or approve certain contract provisions or terms, the council member would be acting on behalf of the council and any such meetings are subject to s. 286.011, F.S. 3. A city council member who acts on his or her own behalf in undertaking negotiations with a private garbage contractor does not possess any authority to bind the city council itself and does not act on behalf of the council. Therefore, such meetings or negotiations are not subject to the Government in the Sunshine Law.
Your questions are interrelated and will be answered together.
You have not advised me of the nature of the "negotiations" under consideration here, i.e., whether the purpose of such "negotiations" is merely discussion and exploration of contract proposals and terms which will be related to the city council itself or whether acceptance or rejection of contractual terms on behalf of the council is being undertaken. In the absence of such information my comments will be of a general nature.
The Florida Government in the Sunshine Law, s. 286.011, F.S., provides:
All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
Florida courts have repeatedly stated that it is the entire decision-making process to which the Sunshine Law applies and not merely to a formal assemblage of a public body at which voting to ratify an official decision is carried out. Thus, the statute extends to discussions and deliberations as well as to formal action taken by a public body.[1] Therefore, the law is generally applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by the board or commission.
However, under certain circumstances, this office has expressed the view that the physical presence of two members of a board or commission is not always required in order for a violation of the Sunshine Law to occur.[2]
In AGO 84-54 this office stated that meetings between representatives of a private cultural arts organization and a city commissioner appointed by the city commission to meet with such representatives to propose a referendum concerning the construction and funding of a cultural center and performing arts theater for city commission consideration were subject to s.286.011, F.S. This conclusion was based on a determination that the city commission had delegated to the individual com-missioner the authority to prepare and propose the referendum with the assistance of the private group. As that opinion makes clear, a delegate or single member of a board or commission who is authorized or directed or designated by such board to act for and on behalf of, or exercise authority in the name of, the entire board, stands in the place of the entire board and is thereby subject to the provisions of s. 286.011, F.S.
Similarly, a line of Florida cases has expressed the position of the courts that governmental entities may not carry out decision-making functions outside the Sunshine Law by delegating such authority.
In News-Press Publishing Company, Inc. v. Carlson,[3] the court considered whether the governing body of a public hospital had delegated its responsibility to prepare a budget to an internal budget committee specifically subjecting the committee to the provisions of the Sunshine Law. In reaching the conclusion that such a delegation had taken place, the court noted that the ad hoc committee was created for the preparation of the proposed annual budget for the hospital. The budget requests of the various hospital departments were submitted to the committee and, when all of the requests were received by the committee and they had projected their income, the matter was discussed at a budget committee meeting and a proposed budget was created. The proposed budget was then submitted to the finance committee of the hospital and was accepted with very little discussion. Similarly, the board of directors of the hospital approved the budget with very little discussion. The court determined that a violation of the Sunshine Law had taken place when the committee met in private to prepare the proposed budget, and stated that:
When public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, those delegated that authority stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.[4]
Thus, the delegation by a public body of its authority to act in the formulation, preparation, and promulgation of plans or, in the instant case, contracts, on which the entire body itself may foreseeably act, will subject the person or persons to whom such authority is delegated to the Sunshine Law.
In Wood v. Marston,[5] The Supreme Court of Florida reversed a district court holding that a faculty search committee charged with screening applications for the position of dean at the University of Florida College of Law was outside the scope of the statute where the committee's recommendations were subject to a vote of the law faculty and to the review and approval of the university president. While the Court admitted that the search-and-screen committee had a "fact-gathering" role in soliciting and compiling applications, it recognized that the committee had a decisionmaking function in screening the applicants. The committee decided which of the applicants to reject from further consideration and the Court determined that in performing this function the committee accomplished a policy-based, decision-making function which had been delegated to it by the president of the university through the faculty as a whole.
Therefore, a person or committee who has been delegated the authority to reject certain options from further consideration by the entire public body performs a decision-making function which must be conducted at a public meeting.
While the foregoing cases deal with the delegation of authority to a group or collegial body rather than to an individual this would not, in my opinion, alter the conclusion that an individual who has been delegated decision-making authority would be subject to s. 286.011, F.S. In addition, the delegation of authority may be accomplished formally or informally. For example, in Carlson, supra, the court found that a de facto delegation of authority to prepare a budget had occurred based on the fact that ratification and approval of the thirty-five million dollar budget which contained more than forty-seven hundred line items was accomplished summarily. Moreover, the courts have stated that the Sunshine Law should be construed to frustrate the use of all evasive devices.[6]
However, where the activities of the individual are limited to fact-finding or information gathering, the courts have reached a different conclusion. In Cape Publications, Inc. v. City of Palm Bay,[7] the district court considered whether certain activities of the city and the city manager violated the Sunshine Law. The city charter placed sole responsibility for the selection of a police chief in the city manager. However, when it became necessary to select a new chief of police, the city manager asked certain people to sit in on the interviews with him. The only function of this group was to assist the city manager in acquiring information on the applicants he had chosen by asking questions during the interviews and then discussing the qualifications of each candidate with the city manager after the interview. The court stated that:
Because the record demonstrates that the committee selected by the city manager had the sole function of assisting him with "fact-finding," to supply him with the necessary information so that he could properly exercise his duties and responsibility in selecting a new chief of police, and because the committee had no decision-making function such as authority to screen, interview or recommend applicants to the city manager, the group was not a "board" within the contemplation of the Sunshine Law and its meetings were not required to be open to the public.[8]
Thus, when a person or group, on behalf of an entire public body, functions solely as a fact-finder with no decisionmaking authority, no "board or commission" subject to the Sunshine Law is created.
Based on the above, it is my opinion that a city council member who is authorized or directed or designated, either formally or informally, by the city council to act for and on behalf of the entire board in a decision-making capacity stands in the place of the entire board and is thereby subject to the provisions of s.286.011, F.S., when negotiating a city contract with a private garbage contractor.
If, however, the individual member is charged solely with fact-finding or information gathering on behalf of the board and has been given no decision-making authority, meetings he or she may hold with a private garbage contractor are not subject to the Sunshine Law. A council member, acting in a personal capacity without being delegated any decisionmaking authority by the city council, who meets with a private garbage contractor would not be subject to s. 286.011, F.S., as the member is not acting as a board or commission on behalf of the city council.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, Board of Public Instruction of Broward County v. Doran,224 So.2d 693, 699 (Fla. 1969), in which the Court recognized the right of the public to be present and heard during all phases of enactments by public boards; Krause v. Reno, 366 So.2d 1244 (3 D.C.A. Fla., 1979). And see, Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969), stating:
[I]t is the entire decision-making process that the legislature intended to affect by the enactment of the statute before us. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
[2] See, e.g., AGO 74-84 (an individual member of the Board of Dentistry or a member and the board's executive director who conduct a quasi-judicial hearing or an investigatory proceeding on behalf of the entire board are required to hold it in the sunshine); AGO 74-294 (a single member of a board or commission who has been delegated the authority to act on behalf of the board or commission in matters such as the lease of land is subject to the Sunshine Law and, therefore, cannot negotiate for such a lease in secret); AGO 87-34 (an individual city council member may meet privately with an individual member of the municipal planning and zoning board to discuss a recommendation made by the board as two or more members of either body would not be present, provided that no delegation of decisionmaking authority has been made to the city council member present and that such member is not acting as a liaison for the entire council or any smaller group of the members thereof in such discussions).
[3] 410 So.2d 546 (2 D.C.A. Fla., 1982).
[4] Id. at 547-548. And see, IDS Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973).
[5] 442 So.2d 934, 941 (Fla. 1983).
[6] See, e.g., Town of Palm Beach v. Gradison, 296 So.2d 473, 477
(Fla. 1974); Wood v. Marston, supra, at 939.
[7] 473 So.2d 222 (5 D.C.A. Fla., 1985).