The Honorable Rita Garvey Mayor-Commissioner City of Clearwater Post Office Box 4748 Clearwater, Florida 34618-4748
Dear Mayor Garvey:
On behalf of the City Commission of the City of Clearwater, you ask substantially the following question:
Does s. 286.011, F.S., apply to meetings between the chairman of a community redevelopment agency and the applicant selected for the position of executive director, to negotiate an agreement of employment that will be brought back to the agency's governing body for final approval?
In sum:
If the chairman of the community redevelopment agency is authorized only to explore various contract proposals with the selected applicant, with such proposals being related back to the governing body for consideration, the discussions between the chairman and the applicant are not subject to the Government in the Sunshine Law. If, however, the chairman has been delegated the authority to reject certain options from further consideration by the entire governing body, he is performing a decision-making function that must be conducted in the sunshine.
According to your letter, the Community Redevelopment Agency (agency) of the City of Clearwater was created pursuant to Part III, Ch. 163, F.S. The Clearwater City Commission sits as the agency's governing body and has selected a member of the commission to serve as chairman of the agency's governing body.[1]
You state that the position of executive director of the agency is vacant. The agency's governing body has advertised the vacant position and, after receiving and considering numerous applications, has selected an applicant to receive an offer of employment.
The terms of such employment, however, have not been decided. According to your letter, the chairman has been delegated the authority of the governing body to contact the applicant and discuss a salary and benefits package with the applicant. You state that the chairman has no decision-making authority and must bring back an agreement to the governing body for final approval.
You further state that the purpose of these "negotiations" is merely the discussion and exploration of contract proposals and terms, which will be related back to the governing body.
Section 286.011(1), F.S., known as the Florida Government in the Sunshine Law, provides in part:
All meetings of any board or commission . . . of any agency or authority of any . . . municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.
In interpreting the above provision, the courts have stated that the Sunshine Law applies to the entire decision-making process and not merely to the formal assemblage of a public body at which the final vote to ratify a decision is taken.[2] Thus, the law has been held to be applicable to any gathering, whether formal or casual, of two or more members of the same board or commission to discuss some matter on which foreseeable action will be taken by that public board or commission.[3]
Generally, a meeting of an individual member of a board or commission with a nonboard member is not subject to the Sunshine Law. In order to avoid a circumvention of the law, however, this office has stated that the Sunshine Law also applies when an individual has been delegated the authority to act on behalf of a public board or commission covered by s. 286.011, F.S.[4] As this office stated in AGO 84-54,
[A] single member of a board or commission who is authorized or directed or designated by such board to act for and on behalf of, or exercise authority in the name of, the entire board, stands in the place of the entire board and is thereby subject to the provisions of s. 286.011, F.S.
The courts have similarly concluded that a public board or commission may not avoid its responsibilities under the Government in the Sunshine Law by delegating its authority.[5] As stated in News-Press Publishing Company, Inc. v. Carlson,[6]
When public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, those delegated that authority stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.
The courts, however, have recognized a distinction between a delegation of decision-making authority and fact finding. When an individual has been authorized to gather information only for the board, the Sunshine Law does not apply. For example, in Florida S.T.O.P., Inc. v. Goodrum,[7] the court held that s. 286.011, F.S., did not apply to a single member of a housing authority appointed only to gather information about sites for the authority.[8]
Similarly, in AGO 90-17, this office stated that an individual board member may, either with the formal or informal approval of the board, privately meet with a contractor if the purpose of the meeting is essentially information gathering and the board member has not been delegated a portion of the decision-making authority of the council. If, however, the board member has been authorized to exercise any decision-making authority on behalf of the board, such as approving or rejecting certain contract provisions, he would be acting on behalf of the board and such meetings would be subject to s. 286.011, F.S.
You state that while the chairman will meet with the applicant selected by the governing body of the agency to discuss the terms of employment, he has not been given any decision-making authority. Rather the purpose of such discussion is, according to your letter, to discuss and explore various contract proposals and terms, which will be related back to the governing body.
Based upon the above information, it does not appear that the discussions of the chairman with the applicant, whether by telephone or in person, are subject to the Sunshine Law so long as the chairman performs only fact-finding activities. If, however, he has been delegated the authority to reject certain options from further consideration by the entire governing body, he is performing a decision-making function that must be conducted in the sunshine.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 163.357, F.S., which authorizes the governing body of a county or municipality to declare itself to be the head of the community redevelopment agency.
[2] See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); Times Publishing Company v. Williams, 222 So.2d 470 (2 D.C.A. Fla., 1969) (Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action).
[3] See, Hough v. Stembridge, 278 So.2d 288 (3 D.C.A. Fla., 1973); Board of Public Instruction of Broward County v. Doran, supra; and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971).
[4] See, e.g., AGO 74-84 (individual member of the Board of Dentistry who conducts a quasi-judicial hearing or investigatory proceeding on behalf of the board subject to the Sunshine Law); AGO 74-294 (Sunshine Law applicable to single member of board to whom authority has been delegated to act on behalf of board in such matters as the lease of land); AGO 84-54 (delegation of city commission's authority to single commissioner to meet with private nonprofit organization for purpose of discussing and participating in referendum proposal subject to s. 286.011).
[5] See, e.g., IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353 (4 D.C.A. Fla., 1973) (public agencies may not avoid their responsibilities or conduct the public's business in secret by use of an alter ego); Wood v. Marston, 442 So.2d 934 (Fla. 1983) (committee responsible for screening applications and making nonbinding recommendations subject to Sunshine Law). And see, AGO 90-17 stating that while many of these cases deal with the delegation of authority to a group or collegial body rather than an individual, this does not alter the conclusion in those cases that public boards may not use an alter ego to avoid their duties under the Sunshine Law. See generally, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974), and Blackford v. School Board of Orange County, 375 So.2d 578 (5 D.C.A. Fla., 1979), stating that the Sunshine Law should be construed so as to frustrate the use of evasive devices.
[6] 410 So.2d 546, 547-548 (2 D.C.A. Fla., 1982).
[7] Case No. 80-3775 (10th Cir. Polk Co., 1980), affirmed, 415 So.2d 1372 (2 D.C.A. Fla., 1982).
[8] Cf., Cape Publications, Inc. v. City of Palm Bay,473 So.2d 222 (5 D.C.A. Fla., 1985) (because committee had sole function of assisting city manager with fact finding and had no decision-making function such as screening, interviewing, or recommending applicants to city manager, group was not subject to Sunshine Law); Bennett v. Warden, 333 So.2d 97 (2 D.C.A. Fla., 1976) (fact-finding committee appointed by university president to report to him on employee working conditions not subject to Sunshine Law).