Mr. A. Quinn Jones, III Miami City Attorney Dupont Plaza Center, Suite 300 300 Biscayne Boulevard Way Miami, Florida 33131
Dear Mr. Jones:
You ask my opinion on substantially the following question:
Are meetings of a negotiating team created by resolution of the city commission which reports the results of negotiations to the city commission for final approval subject to the Sunshine Law?
In sum:
Meetings of a negotiating team created by resolution of the city commission which reports the final negotiations to the city commission for ratification and approval is subject to the Government in the Sunshine Law.
According to your letter, the city commission by resolution has established a negotiation team to negotiate with the Miami Heat basketball team concerning the retention of the Miami Heat as a tenant of the Miami Arena. You have supplied this office with a copy of Resolution No. 93-784 which provides that the mayor, a person designated by the city manager, and a person designated by the Miami Sports and Exhibition Authority shall serve on the negotiation team.
Resolution No. 93-784 does not clearly set forth the parameters of the negotiating team's authority. This office has obtained a copy of Resolution No. 93-783, which addresses the powers of the negotiation team and which provides in part:
The negotiation team shall have exclusive authority to negotiate on behalf of the City of Miami and shall report back to the City Commission on any and all final negotiations. All final negotiations shall be ratified and approved by the City Commission.[1]
The Government in the Sunshine Law requires all meetings of a public board or commission at which official acts are taken to be open to the public.[2] The statute extends to the discussions and deliberations of, as well as the formal action taken by, a public board or commission.[3]
The Florida courts have clearly stated that governmental entities may not carry out decision-making functions outside of the Sunshine Law by delegating such authority. Thus, the courts and this office have held that advisory boards whose powers are limited to making recommendations to a public agency and that possess no authority to bind the agency in any way are subject to the Sunshine Law.[4] As the court in News-Press Publishing Company, Inc. v. Carlson,[5] stated:
When public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, those delegated that authority stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned.
The Carlson decision was cited with approval by The Supreme Court of Florida in Wood v. Marston,[6] which held that an ad hoc advisory committee appointed to screen application and make recommendations for the position of dean of the law school at a public university played an integral part in the decision-making process and thus was subject to the Sunshine Law.
A limited exception to the applicability of the Sunshine Law to advisory committees has been recognized for committees established for fact-finding only, that is, information gathering and reporting.[7] When a committee, however, possesses the authority not only to conduct fact-finding but also to make recommendations, the committee is participating in the decisionmaking process and is, therefore, subject to section 286.011, Florida Statutes.
Resolution No. 93-783 provides that the negotiation team has exclusive authority to negotiate on behalf of the city. "Final" negotiations must be ratified and approved by the city commission. Such language indicates that the team has been charged with more than conducting mere fact-finding but rather during negotiations will be participating in the decision-making process by accepting some options while rejecting others for presentment of the final negotiations to the city commission.
While the negotiation team may not take final action but rather must present the final negotiations to the city commission for ratification and approval, the negotiation team plays an integral part in the development of an agreement and, therefore, is subject to the requirements of the Sunshine Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 3, Resolution No. 93-783. Resolutions Nos. 93-783 and 93-784 appear to have been passed and adopted by the city commission on the same date, December 16, 1993.
[2] Section 286.011(1), Fla. Stat. (1993) ("All meetings of any board or commission of any state agency or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times . . .").
[3] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969).
[4] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); Krause v. Reno, 366 So.2d 1244 (Fla. 3d DCA 1979). And see, Op. Att'y Gen. Fla. 92-26 (1992) (city personnel committee appointed to advise city council on personnel matters subject to Sunshine Law); Op. Att'y Gen. Fla. 86-51 (1986) (land selection committee of water management district subject to Sunshine Law since committee made recommendations to district even though recommendations are subject to further action by district's governing board); Op. Att'y Gen. Fla. 85-76 (1986) (committee appointed by mayor to make recommendations concerning legislation subject to Sunshine Law).
[5] 410 So.2d 546, 547-548 (Fla. 2d DCA 1982). The Carlson court considered whether a budget committee which was responsible for preparing a complex multimillion dollar budget for a hospital district was subject to the Sunshine Law. The court found that budget requests for the various departments were submitted to the committee, and when all requests were received and income was projected, the requests were discussed by the committee and a proposed budget was created. The proposed budget was submitted, first to the finance committee and then to the hospital board of directors and was approved with very little discussion. The court determined that a violation of section 286.011, Florida Statutes, occurred when the committee met in private to prepare the proposed budget.
[6] 442 So.2d 934 (Fla. 1983). While the Marston Court acknowledged that the search and screen committee performed a "fact-finding" role in soliciting and compiling applications, the Court determined that the committee also performed a decisionmaking function in screening the applicants by rejecting applicants from further consideration.
[7] Cape Publications, Inc. v. City of Palm Bay, 473 So.2d 222
(Fla. 5th DCA 1985); Bennett v. Warden, 333 So.2d 97 (Fla. 2d DCA 1976).