Mr. Stephen W. Johnson Leesburg City Attorney Post Office Box 491357 Leesburg, Florida 34749-1357
Dear Mr. Johnson:
You ask the following question:
Is an unopposed candidate running for city commission considered to be a member-elect for purposes of the Florida Government in the Sunshine Law?
In sum:
Although a candidate running for city commission may be unopposed, he or she is not considered to be elected until the election has been held. Therefore, the candidate is not a member-elect for purposes of the Government in the Sunshine Law until that time.
The Government in the Sunshine Law, section 286.011, Florida Statutes, provides in pertinent part:
"All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting."[1]
One purpose of the Sunshine Law is to prevent the crystallization of secret decisions at nonpublic meetings to the point just short of ceremonial acceptance.[2] Thus, the courts of this state and this office have considered the Sunshine Law to be applicable to any gathering where two or more members of the same public board discuss matters on which foreseeable action will be taken by that board or commission.[3]
The courts have also recognized the applicability of section286.011, Florida Statutes, to members-elect of public boards or commissions. In Hough v. Stembridge,[4] the district court stated that an individual upon immediate election to public office loses his status as a private individual and acquires a position more akin to that of a public trustee. The court thus held that a meeting of an incumbent council member with several council members-elect who would serve together on the city council when sworn into office was subject to the Sunshine Law when the discussion at that meeting concerned matters on which foreseeable action would be taken by the city council.
I am not aware, however, of any judicial decision that has extended the application of the Sunshine Law to candidates for office, unless the candidate is an incumbent seeking reelection. Generally, a candidate without opposition in the general election is not considered to be elected for the purpose of the Florida Election Code until the date of the general election.[5] The Leesburg City Code has adopted the Florida Election Code.[6]
Accordingly, I am of the opinion that although a candidate running for city commission may be unopposed, he or she is not considered to be a member-elect for purposes of the Government in the Sunshine Law until the election has been held.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 286.011(1), Fla. Stat.
[2] See, Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974); News-Press Publishing Company, Inc. v. Carlson,410 So.2d 546 (Fla. 2d DCA 1982).
[3] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969), disapproved in part on other grounds,Neu v. Miami Herald Publishing Company, 462 So.2d 821 (Fla. 1985); Op. Att'y Gen. Fla. 84-54 (1984).
[4] 278 So.2d 288, 289 (Fla. 3d DCA 1973). And see, Op. Att'y Gen. Fla. 74-40 (1974) (members-elect can be liable for Sunshine Law violations).
[5] See, e.g., Division of Elections Opinion 78-44 (1978) (a candidate without opposition in the general election is not elected for purposes of the Election Code until the date of the general election and may continue to receive campaign contributions). Cf., ss. 102.111-102.131, Fla. Stat., providing for the issuance of certificates of election after the results of the general election have been certified.
[6] See, s. 9-14, City of Leesburg Code, stating that in all matters pertaining to the elections of the city not provided for by ordinance, "the laws of the state governing general elections shall govern." In cases of conflict between an ordinance and the applicable state statute, the statute takes precedence. And see,
s. 9-13, City of Leesburg Code, providing that certificates of election are issued after the election.