Dear Mr. McAuliffe:
You ask substantially the following question:
Would section 286.011, Florida Statutes, apply to communications between the state attorney and the sheriff when, as authorized by ordinance, each elects to appoint an individual in each officer's place to serve as a member of the Palm Beach County Criminal Justice Commission?
In sum:
When the state attorney and the sheriff elect to appoint individuals to serve on the Palm Beach County Criminal Justice Commission in the place of each officer, as authorized by county ordinance, neither the state attorney nor the sheriff would appear to be a member of the commission such that communications between the two officials would be subject to section 286.011, Florida Statutes.
You state that the Palm Beach County Criminal Justice Commission (commission) is an advisory board established by county ordinance. The commission functions to make recommendations to the county commission on policies and programs designed to: coordinate law enforcement and crime prevention efforts; provide an efficient, cost effective, and timely county criminal justice system; and permanently reduce crime.[1] The county ordinance creating the commission currently provides that the sheriff and the state attorney are members of the commission.[2] There has been concern that in numerous instances when the sheriff and the state attorney communicate regarding pending criminal investigations and prosecutions that there may be discussion involving matters which may foreseeably come before the commission for official business. To address these concerns, the county is contemplating amending the ordinance to enable constitutional officers to either serve as members of the board or to appoint others to serve in their places. The question arises, therefore, whether communications between two such officers who have appointed individuals to serve on the commission would be subject to section 286.011, Florida Statutes.
Section 286.011, Florida Statutes, commonly referred to as the "Sunshine Law," provides a right of access to governmental proceedings of public boards and commissions. The law applies equally to elected or appointed boards and covers any gathering, whether formal or casual, of two or more members of the same board to discuss a matter upon which foreseeable action will be taken by the board.[3]
There is no question that the Palm Beach County Criminal Justice Commission, a collegial commission created by county ordinance to advise the county commission on criminal justice matters, is a public board or commission subject to the Sunshine Law.[4] In Attorney General Opinion 93-41, this office determined that communications between the sheriff and state attorney, as members of the county's criminal justice commission, were subject to the Sunshine Law when such discussions involved matters which foreseeably could come before the commission. The opinion noted, however, that to the extent that the discussions related to an ongoing criminal case or investigation or related to factual inquiries or matters upon which the commission was not required to act, the discussions would not fall within the scope of the Sunshine Law.
In the factual situation you have presented, the proposed county ordinance states that the sheriff and the state attorney will have the option of serving on the commission or each may designate an individual to serve on the board in his or her stead. As you have recognized, the Sunshine Law does not allow a board or commission to delegate its business to an alter ego in order to escape application of the law.[5]
This would apply equally to an individual who serves on a board or commission. It does not appear, however, that in appointing an individual to serve on the commission as provided by county ordinance, the sheriff or state attorney would be delegating authority to an alter ego; rather, to the extent the appointment of the individual removes the sheriff or the state attorney from any connection with the commission, the appointed individual becomes a member of the commission in his or her own right subject to the restrictions of the Sunshine Law.
As you note, should the sheriff and state attorney appoint individuals to serve on the commission, they (the sheriff and the state attorney) should not serve as a liaison between the appointed commission members on matters that may foreseeably come before the commission.[6]
Accordingly, it is my opinion that the sheriff or the state attorney who, as authorized by county ordinance, appoints an individual to serve on the Palm Beach County Criminal Justice Commission, is not a member of the commission such that communications between the sheriff and the state attorney would be subject to the Sunshine Law.
Sincerely,
 Pam Bondi Attorney General
PB/tals
[1] Section 2-217, Div. 5, Art. 5, Ch. 2, Palm Beach County Code of Ordinances (Ord. No. 88-16, s. 2, 8-16-88), setting forth the objectives of the Palm Beach County Criminal Justice Commission.
[2] See Sec. 2-216, Div. 5, Art. 5, Ch. 2, Palm Beach County Code of Ordinances.
[3] See Hough v. Stembridge, 278 So. 2d 288 (Fla. 3d DCA 1973);City of Miami Beach v. Berns, 245 So. 2d 38 (Fla. 1971); andBoard of Public Instruction of Broward County v. Doran,224 So. 2d 693 (Fla. 1969).
[4] See Op. Att'y Gen. Fla. 93-41 (1993) (Hillsborough County Criminal Justice Commission created by county ordinance and serving a county-wide agency developing and making recommendations on criminal justice issues is subject to, and must comply with the requirements of, the Government-in-the-Sunshine Law).
[5] See IDS Properties, Inc. v. Town of Palm Beach, 279 so. 2d 353, 359 (Fla. 4th DCA 1973), certified question answeredsub. nom., Town of Palm Beach v. Gradison,296 So. 2d 473 (Fla. 1974). See also News-Press Publishing Company,Inc. v. Carlson, 410 So. 2d 546, 547-548 (Fla. 2d DCA 1982) (when public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans on which foreseeable action will be taken by those public officials, delegates stand in the shoes of such public officials under the Sunshine Law).
[6] See Op. Att'y Gen. Fla. 74-47 (1974) (city manager who is not member of city commission may meet with individual council members, but may not act as liaison for council members to circulate information and thoughts of individual members).