Mr. Frederick B. Karl County Attorney Hillsborough County Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Karl:
You ask the following questions:
 1. May the Board of County Commissioners use a computer network in the course of their official business?
 2. Do the commissioners' aides come within the purview of the Government in the Sunshine Law?
In sum, I am of the opinion that:
 1. The Board of County Commissioners may use a computer network in the course of their official business. The information stored in the computer, however, would be subject to the Ch. 119, F.S., the Public Records Law. In addition, any discussions between the members of the board via computer on issues pending before the board would be subject to the provisions of s. 286.011, F.S., the Government in the Sunshine Law. The board of county commissioners, however, would appear to be precluded from conducting its official meetings by computers when the individual members of the board were not physically present.
 2. The aides of the county commissioners are not subject to the Government in the Sunshine Law unless they have been delegated decision-making functions outside of the ambit of normal staff functions, are acting as liaisons between board members, or are acting in place of the board members at their direction.
Question One
You state that the board of county commissioners is interested in using computers to facilitate and conduct their official business. The computers would be used for electronic calendars, word processing, electronic mail, bulletin boards and private data basis. You ask whether the use of such computers would be subject to the provisions of the Government in the Sunshine Law, s.286.011, F.S., and the Public Records Law, Ch. 119, F.S.
Section 125.01(1), F.S., provides that the governing body of a county possesses the power to carry on county government and to adopt its own rules of procedure. Unless the Legislature has preempted a particular subject relating to county government by general or special law, the county governing body has the full power to act through the exercise of home rule power.[1]
I am not aware of any provision of law which would generally prohibit the board of county commissioners from using computers to facilitate and conduct their official business.[2] However, this office has previously stated that Ch. 119, F.S., constitutes a preemption of the field of public records.
Pursuant to Ch. 119, F.S., any material prepared in connection with official agency business which is intended to perpetuate, communicate or formalize knowledge of some type is a public record.[3] Information stored in a computer clearly can constitute a public record.[4] Public records are not restricted to those documents which have been reduced to final form or otherwise represent the ultimate product of a public official or agency. As The Supreme Court of Florida has stated:
 Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.[5]
Only those records made confidential or exempt from disclosure by law are exempt from the disclosure provisions of s. 119.07(1), F.S.[6] Therefore, the information in the computer, if made or received pursuant to the transaction of official business and intended to perpetuate, communicate or formalize knowledge of some type, is a public record. Accordingly, such information, in the absence of a specific statute exempting the information or providing for its confidentiality, would be subject to disclosure.[7]
In addition, to the extent that such computers are used to communicate between board members on matters coming before the board for action, such discussions would be subject to the requirements of the Government in the Sunshine Law.[8]
Section 286.011, F.S., states that all meetings of public boards or commissions at which official acts are to be taken are public meetings open to the public. The statute has been held to extend to the discussions and deliberations of a public board as well as formal action taken by that board or commission.[9] Thus, the Sunshine Law is applicable to any gathering where two or more members of a public board or commission discuss some matter on which foreseeable action will be taken by that board or commission.[10]
Generally, the Sunshine Law is applicable to meetings of two or more members of the same board or commission. However, in order to assure public access to the decision-making process of public boards or commissions, the presence of two or more members has not always been necessary. For example, this office has previously stated that the use of a memorandum among members of the board or commission to avoid a public meeting may constitute a violation of the Sunshine Law even though two members are not physically present.[11] Similarly, this office has concluded that the use of a telephone to conduct discussions between members of a public board or commission on matters coming before that board or commission does not remove the conversation from the operation of the Sunshine Law.[12]
Therefore, the use of computers by members of the board of county commissioners to communicate among themselves on issues pending before the board would appear to be subject to the provisions of s. 286.011, F.S. It should be noted, however, that this office has previously stated that the board of county commissioners is not authorized to conduct or hold official meetings by telephonic conference.[13] Thus, this office concluded that a physically absent county commissioner was not authorized to telephonically participate in and cast a vote on matters before the board. Similarly, the board would appear to be precluded from conducting official meetings by computers where the individual members of the board were not physically present.
Accordingly, while the board of county commissioners is not prohibited from using computers to facilitate the members in carrying out their duties and functions, the information stored in the computer would be subject to Ch. 119, F.S., the Public Records Law. In addition, any discussions between the members of the board via computer on issues pending before the board would be subject to the provisions of s. 286.011, F.S., the Government in the Sunshine Law. Moreover, the board of county commissioners would appear to be precluded from conducting official meetings of the board by computers where the individual members of the board were not physically present.
Question Two
The staff of a board or commission covered by the Sunshine Law is not normally within the ambit of s. 286.011, F.S.[14] However, when a member of the staff ceases to function in his capacity as staff and performs a decision-making function, he loses his identity as staff while working on the committee and is, accordingly, included within the operation of the Sunshine Law.[15]
For example, in Wood v. Marston,[16] The Supreme Court of Florida held that s. 286.011, F.S., applied to a staff search committee for a law school dean. Finding that the committee performed a decision-making function in screening applicants which was outside the normal scope of staff activities, the court concluded that the committee was subject to the Sunshine Law.
In addition, if staff is being used as a liaison between members of the county commission, then staff will be subject to the provisions of s. 286.011, F.S. As this office recognized in AGO 74-47, staff is not subject to the Sunshine Law so long as they do not act as a liaison between members of the public board or commission or attempt to act in the place of the board or commission members at their direction.[17]
Accordingly, I am of the opinion that the aides of the county commissioners are not subject to the Government in the Sunshine Law unless they have been delegated decision-making functions outside of the ambit of normal staff functions, are acting as liaisons between board members, or are acting in place of the board members at their direction.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Speer v. Olson, 367 So.2d 207 (Fla. 1978).
[2] Cf., AGO 85-52 concluding that the county commission had the authority to establish guidelines concerning the attendance of meetings by county commissioners. And see, AGO 79-59, and the authorities cited therein, stating that where the law imposes a duty or power on an officer or board, it also confers by implication such powers as are necessary for the due and efficient exercise of those powers.
[3] Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.379 So.2d 633, 640 (Fla. 1980). And see, s. 119.011(1), F.S., defining "[p]ublic records" to encompass "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
[4] See, Seigle v. Barry, 422 So.2d 63, 65 (4 D.C.A. Fla., 1982), stating: There can be no doubt that information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet. . . . It is also apparent that all of the information in the computer, not merely that which a particular program accesses, should be available for examination and copying in keeping with the public policy underlying the right to know statutes.
[5] Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., supra at 640.
[6] See, Wait v. Florida Power Light Company, 372 So.2d 420, 424
(Fla. 1979).
[7] See, e.g., s. 119.07(3)(r), F.S., providing an exemption for "sensitive" agency produced data processing software.
[8] Those requirements include, among other things, that reasonable notice be given and minutes taken and promptly recorded. See, Hough v. Stembridge, 278 So.2d 288, 291 (3 D.C.A. Fla., 1973) (as a practical matter in order for a public meeting to be "public," reasonable notice of the meeting must be given); Yarbrough v. Young, 462 So.2d 515, 517 (1 D.C.A.Fla., 1985). And see, s. 286.011(2), F.S., requiring that minutes of a meeting of a public board or commission be promptly recorded and open to public inspection.
[9] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969), stating:
 Every thought, as well as every affirmative act, of a public official as it relates to and is within the scope of his official duties, is a matter of public concern; and it is the entire decision-making process that the legislature intended to affect by the enactment of [s. 286.011, F.S.]. . . . Every step in the decision-making process, including the decision itself, is a necessary preliminary to formal action. It follows that each such step constitutes an "official act," an indispensable requisite to "formal action," within the meaning of the act.
[10] Board of Public Instruction of Broward County v. Doran,224 So.2d 693 (Fla. 1969).
[11] See, Inf.Op. to John Blair, June 29, 1973, stating that if a memoranda reflecting the views of one member on an issue pending before the board were circulated among the other members who indicated their assent or dissent on the memoranda and upon completion of the signatures, the memoranda had the effect of becoming an official action, there was a violation of s. 286.011, F.S.
[12] See, Government-in-the-Sunshine-Manual, p. 32, Vol. 11, 1989 edition.
[13] Attorney General Opinion 83-100. Such a conclusion was based on the provisions of s. 125.001, F.S., and the rule requiring the presence of a quorum in order to conduct business. See, s.125.001, F.S., which provides that "[u]pon the giving of due public notice, regular and special meetings of the board may be held at any appropriate public place in the county." And see, 20 C.J.S. Counties s. 88b. and c.; 62 C.J.S. Municipal Corporations s. 399 (in order to constitute a quorum the requisite number of members must be actually present at the meeting and the requisite number cannot be made up by telephoning absent members and obtaining their vote over the telephone).
[14] Occidental Chemical Company v. Mayo, 351 So.2d 336
(Fla. 1977).
[15] See, Wood v. Marston, 442 So.2d 934 (Fla. 1983) (it is the nature of the act performed, not the make-up of the committee or the proximity of the act to the final decision which determines the applicability of s. 286.011, F.S.); and News-Press Publishing Company, Inc. v. Carlson, 410 So.2d 546 (2 D.C.A.Fla., 1982).
[16] 442 So.2d 934 (Fla. 1983).
[17] Accord, AGO 75-59.